SADIE PHILPOT et al., Appellants, v. BROOKLYN NATIONAL LEAGUE BASEBALL CLUB, INC., et al., Respondents.

Argued May 28, 1951; decided July 11, 1951.

Noah Seedman for appellants. The doctrine of assumption of risk is not applicable to the case at bar; but the doctrine of foreseeability of the danger is, and it is a question of fact for a jury. (*Osipoff* v. *City of New York*, 286 N. Y. 422; *Chadwick* v. *City of New York*, 301 N. Y. 176; *Arena* v. *Kunzer-Ellinwood,*

*Inc.,* 275 App. Div. 898; *Senatore* v. *Harry M. Stevens, Inc.,* 275 App. Div. 677; *Bloom* v. *Dalu Corp.,* 269 App. Div. 192; *Poplar* v. *Bourjois, Inc.,* 298 N. Y. 62; *Tantillo* v. *Goldstein Bros. Amusement Co.,* 248 N. Y. 286; *Tapley* v. *Ross Theatre Corp.,* 275 N. Y. 144; *Gerhardt* v. *Manhattan Beach Park,* 237 App. Div. 832, 262 N. Y. 698; *McGlone* v. *Angus, Inc.,* 248 N. Y. 197; *Hogle* v. *Franklin Mfg. Co.,* 199 N. Y. 388; *Uline Ice, Inc.,* v. *Sullivan,* 187 F. 2d 82.)

*James M. Gilleran* and *John J. O'Connor* for Brooklyn National League Baseball Club, Inc., respondent. I. The possibility of the accident at bar was so remote that defendants were not negligent as a matter of law. (*Van Leet* v. *Kilmer,* 252 N. Y. 454; *Flaherty* v. *State of New York,* 296 N. Y. 342; *Scolavino* v. *State of New York,* 297 N. Y. 460; *McCrink* v. *City of New York,* 296 N. Y. 99; *Excelsior Ins. Co. of N. Y.* v. *State of New York,* 296 N. Y. 40; *Hart* v. *Hercules Theatre Corp.,* 258 App. Div. 537.) II. Assumption of risk was not the rationale of the dismissal of the complaint. However, assumption of risk is present in this case. (*Uline Ice, Inc.,* v. *Sullivan,* 187 F. 2d 82.) III. No negligence can be predicated on the construction of the tiers in the ball park. (*De Salvo* v. *Stanley-Mark-Strand Corp.,* 281 N. Y. 333.)

*Constantine Regusis* and *William E. Lowther* for Harry M. Stevens, Inc., respondent. I. There is no evidence in the record of any negligence upon the part of defendant Stevens. (*Smolen* v. *Grandview Dairy, Inc.,* 301 N. Y. 265; *Senatore* v. *Harry M. Stevens, Inc.,* 275 App. Div. 677.) II. Plaintiffs as a matter of law assumed the risk of being struck by thrown bottles. (*Ingersoll* v. *Onondaga Hockey Club,* 245 App. Div. 137.)

LEWIS, J. By this action the plaintiff, Sadie Philpot, seeks recovery for personal injuries sustained on May 30, 1946, when she was struck by the sharp edge of a broken glass bottle while she and her husband were attending a baseball game at Ebbets Field, a ball park in Brooklyn. The coplaintiff demands reimbursement for expense incurred for the care and treatment of his wife and for loss of her services. As recovery by the husband depends upon the success of his wife's cause of action, reference will be made only to her suit.

The case is here by our permission (Civ. Prac. Act, § 589, subd. 2, cl. [a]), upon appeal by the plaintiff from a judgment entered upon an order of the Appellate Division which affirmed unanimously a judgment entered at Trial Term dismissing the complaint at the close of plaintiff's evidence. In those circumstances our duty is to consider facts adduced at the trial in the aspect most favorable to the plaintiff and to accord to her the benefit of every favorable inference which can reasonably be drawn from those facts (*Faber* v. *City of New York,* 213 N. Y. 411, 414; *Osipoff* v. *City of New York,* 286 N. Y. 422, 425; *De Wald* v. *Seidenberg,* 297 N. Y. 335, 336–337).

The evidence comprising plaintiff's case came into the record by means of procedure which we do not commend and which we are willing to consider only because it was adopted on the trial with the consent of all parties concerned. (Rules Civ. Prac., rule 4; see, also, *Clason* v. *Baldwin,* 152 N. Y. 204, 211; *Stemmler* v. *Mayor of City of New York,* 179 N. Y. 473, 482; *Pines* v. *Beck,* 300 N. Y. 181, 187.)

Although a jury had been impaneled the record of proof up to the conclusion of the plaintiff's evidence included no testimony by witnesses but comprised the following concessions, among others, by the defendants that if witnesses were called in support of plaintiff's case they would testify: That at eleven o'clock on the morning of May 30, 1946, the plaintiff as a patron of the defendant Brooklyn National League Baseball Club, Inc., — hereinafter referred to as the Baseball Club — occupied a spectator's seat in a section of the lower stands at Ebbets Field, for which seat she had paid an admission fee; that the upper tier of seats above her slanted downward in such a manner that " the edge of it was just a little behind the seat where she was seated "; that at about 1:30 in the afternoon — during the first inning of the game then in progress — a broken glass bottle either rolled, dropped or was thrown down from above and struck the plaintiff on the right arm causing a laceration which required fourteen sutures for closure; that at the time of plaintiff's injuries the defendant Baseball Club owned and operated Ebbets Field and the codefendant Harry M. Stevens, Inc.— under a concession contract with the Baseball Club — was the only concessionaire permitted to sell bottled beverages

at the ball park; that on the date of the accident the concessionaire dispensed bottled Coca-Cola to the Baseball Club's patrons; that "the thing that hit her [the plaintiff] was a part of a bottle, a broken part, which had a jagged edge that did the cutting, and that it rolled down from above"; that both plaintiffs "saw this jagged broken bottle of Coca-Cola strike her [the plaintiff], and after it struck her on the wrist it rolled on her lap"; that no receptacles were provided near the spectators' seats nor in the aisles where empty or broken bottles could be placed; that during the progress of ball games at Ebbets Field employees of the defendant Baseball Club, working independently of men employed by the defendant concessionaire, were instructed to remove broken bottles; that on many prior occasions the plaintiff had attended ball games, usually twice or three times a week when empty and broken bottles were observed being thrown about, being rolled about and being dropped down the ramps and steps which were of concrete material; that if it be shown that the bottle which struck this plaintiff was a Coca-Cola bottle, it will be admitted by the defendant concessionaire that it sold and dispensed bottled Coca-Cola without admitting that this particular bottle was either sold or dispensed by the said Harry M. Stevens, Inc. In addition to the foregoing, it was conceded that if parts of an examination before trial were read such examination would show that during the progress of each ball game men employed by the defendant concessionaire sold bottled beverages to spectators who were permitted to take them to their seats; that on the day of the accident all bottled beverages sold by the defendant concessionaire were dispensed in glass bottles except milk which was dispensed in carton containers; that the defendant concessionaire provided one man in each "section" of seats whose duty it was to pick up empty bottles during and after each game and that "quite a few" bottles are broken during each game.

Upon the record which we now review the Appellate Division ruled that "The evidence adduced was insufficient to establish negligence on the part of respondents, or either of them, which was a proximate cause of the accident and the resulting injuries" (277 App. Div. 1135). Disagreeing, as we do, with

that conclusion as to the defendant Baseball Club we view the record in the light of the rule that " One who collects a large number of people for gain or profit must be vigilant to protect them." (*Tantillo* v. *Goldstein Bros. Amusement Co.*, 248 N. Y. 286, 290; *Tapley* v. *Ross Theatre Corp.*, 275 N. Y. 144, 148; and see *Arnold* v. *State of New York*, 163 App. Div. 253, 258–262; *Platt* v. *Erie Co. Agric. Soc.*, 164 App. Div. 99, 103.)

True it is that the vigilance by which is measured the duty of the defendant Baseball Club to its patrons at Ebbets Field may vary in accord with the risk each patron assumes. Thus our problem would be different had the plaintiff, after payment of the required admission fee, been injured by a ball in flight while she occupied an unscreened seat of her own choice where she accepted the danger which inheres in baseball — the chance of contact with the ball. (See *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479, 482.) Here, however, the injuries which befell the plaintiff were not from dangers inherent in baseball as a game but are alleged to be from lack of care by the defendants to protect the plaintiff as a spectator from risk of injuries reasonably to be foreseen.

Upon this record we cannot say as a matter of law that the means adopted by the defendant Baseball Club were sufficient to protect the plaintiff as a spectator at Ebbets Field from risk of bodily harm reasonably to be foreseen from the misuse or mishandling of empty glass beverage bottles. Nor can we say, as a matter of law, that the plaintiff as a spectator assumed the risk of being struck by a falling glass bottle. Those questions were factual and were for determination by a jury.

As to the defendant concessionaire, Harry M. Stevens, Inc., we conclude that the evidence adduced by the plaintiff was not sufficient to establish *prima facie* actionable negligence. The complaint alleges that both defendants " in consideration of the payment of admission " failed to control, operate, maintain and supervise the ball park in a reasonably safe condition. As the record contains no evidence to support those allegations as to the concessionaire Stevens — which neither owned nor controlled Ebbets Field, nor was responsible for collecting spectators for profit — we find no proof of breach of duty owing to the plaintiff by that defendant. Accordingly the complaint

against the defendant was properly dismissed. The merits of the Baseball Club's cross complaint against its concessionaire Stevens, based upon contract, are not now before us for review.

As to the defendant Brooklyn National League Baseball Club, Inc., the judgments should be reversed and a new trial granted, with costs to abide the event. As to the defendant Harry M. Stevens, Inc., the judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

As to defendant Brooklyn National League Baseball Club, Inc.: Judgments reversed, etc.

As to defendant Harry M. Stevens, Inc.: Judgment affirmed.