Ray KAPLAN, as Executrix of the Estate of Bernard S. Kaplan, Libelant,

v.

Herbert HAMMER, Respondent.

Admiralty No. 20285.

United States District Court
E. D. New York.

May 12, 1958.

———◆———

Silas Blake Axtell, New York City, by Charles A. Ellis, New York City, of counsel, for libelant.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, by Vincent J. Ryan, New York City, and John P. Conroy, Brooklyn, N. Y., of counsel, for respondent.

BYERS, Chief Judge.

In this cause the libelant as executrix of her deceased husband's estate has filed a libel in which she demands $15,000 damages in the first cause of action as pleaded and $10,000 in the second, making in all $25,000.

The testimony reveals that the decedent was a passenger on the respondent's vessel, Whitby III, on August 22, 1953, when it is said that "he was caused to slip and fall on the slippery deck while the decedent was fishing."

The Whitby is a passenger fishing vessel, operating out of Sheepshead Bay, New York, and on the day in question the decedent was a passenger for hire; he was one of a party of four fishermen and according to the testimony, departure was had at about 6:30 or 7:00 o'clock a. m. on that day. The vessel arrived at the fishing grounds about ten miles from Ambrose Lightship, where it was anchored and the fishermen, about thirty-five in number, proceeded to angle for blue fish in the tide that was running.

The vessel was authorized to carry seventy passengers, but only half that number were taken on this occasion because blue fish can be taken from only one side of the vessel for the reason that the fishing is done in the tideway.

The evidence discloses that the decedent was caused to fall at about 1:30 p. m. and sustained a dislocation of his right shoulder. In this connection the libel asserts that the fall "resulted in great pain and suffering, loss of earnings, and expenses and medical care."

As to the latter items, it is agreed that the fair and reasonable value of his medical services, comprising two items, amounted to $93.20; that his hospital bill was $34.80.

There is no proof of a loss of earnings; the decedent was a metropolitan district manager of the National Distilling Company, and he also designed displays for use in liquor stores.

The decedent died in February of 1954, but it is not asserted that there was any relation between his demise, which was due to heart failure, and the dislocation of the shoulder above referred to.

This libel was filed July 30, 1954, by his administratrix, which means that for the period of nearly six months following the occurrence of August 22, 1953, the deceased Mr. Kaplan did not institute any litigation on his own behalf against this respondent or anyone else, so far as the testimony shows.

The only witness to the happening was a Mr. Coler, who was one of the party of four and who fished alongside or near to Mr. Kaplan during the entire morning.

The libelant's case is based upon the theory that the deck of the vessel was slippery, a condition caused by the presence of water, bait, slime from the fish that were caught, and particles of bait that the latter emitted as they were brought inboard.

Coler's testimony is that it did not rain during the day and that the presence of water on the deck meant that it dropped from the lines as the latter were reeled in by the fishermen.

With regard to the decedent's fall, this witness observed that he slipped, grabbed the rail and fell and called out because of pain in the shoulder.

The decedent was assisted to a sitting position on a hatchway, was given a drink of whiskey, and the captain of the vessel, by the use of a ship-to-shore radio, arranged for the presence of an ambulance to meet the vessel at its dock, to which prompt return was had.

The decedent received treatment at the hospital and then was driven to his own home with his arm in a sling.

As to the fall, Coler said,

"I saw him slip. His feet went from under him and he grabbed the rail. I didn't see what he slipped on."

He also said that he himself did not slip, but on occasion he felt bait underfoot.

The respondent testified as owner of the vessel. He said that he and one or two of the deckhands constantly patroled the deck and spread sand and salt on the deck, which was necessarily somewhat slippery by reason of the activity being maintained; he also said that there was no complaint made by anybody that day as to the condition of the deck. That statement was corroborated by Coler on redirect, to the extent that he said that he himself made no complaint and that he did not hear the decedent make any.

The fact above referred to that the decedent did not institute any litigation or apparently make any claim, by reason of his fall, suggests that he himself knew of no reason why he should seek to visit upon this respondent an unfortunate happening which in the view presently held, was nothing but an expectable incident of such an occasion.

The libelant urges that the rule of law which should apply is that

"One who collects a large number of people for gain or profit must be vigilant to protect them."

The foregoing is taken from the opinion in Philpot v. Brooklyn Nat. League Baseball Club, 303 N.Y. 116, 100 N.E.2d 164, 166.

In the present opinion the foregoing rule can be deemed to apply, without impact however upon this respondent, for I am persuaded by the evidence that he and his employees did all that could be reasonably expected, to provide a safe and seaworthy vessel for those who wished to seek the pleasures of blue fishing under the circumstances here involved.

It does not even appear from the testimony that the decedent slipped on a piece of bait or other foreign particle on the deck; it could have been, for all that Coler's testimony demonstrates to the contrary that the decedent merely turned his ankle while manipulating his fishing rod.

There was no unusual condition of wind or sea, and the testimony shows that the Whitby did surge to an expectable degree while anchored as above stated.

The libelant's cause is dismissed, with costs, for failure of proof.

If findings in addition to those embodied in the foregoing are desired, they may be settled on notice.