CHARLES ANTINUCCI, an Infant by DOMINICK ANTINUCCI, His Guardian ad Litem, et al., Respondents, v. NEIL HELLMAN et al., Doing Business as Albany Royal Theatre Co., Appellants.

Third Department, May 23, 1958.

James Conboy for appellants.

Jack Goodman and Reuben H. Kohn for respondents.

GIBSON, J.  Plaintiffs, an infant and his father, have recovered in a negligence action, the infant for damages for his personal injuries and the parent upon his derivative cause of action.

While seated in defendants' motion picture theater, to which he had paid admission, the infant plaintiff, then 10 years old, felt liquid poured or thrown on his back.  (A container for cigarette lighter fluid was later discovered nearby.)  He remonstrated with the patrons behind him, turned again to face the screen and again felt liquid on his back and immediately saw flames over his shoulder.  With his clothing on fire he ran from his seat to the rear of the theater and rolled on the floor.  Failing thus to extinguish the fire, he went to the men's washroom and attempted unsuccessfully, for four or five minutes according to his testimony, to douse the fire with water.  He then returned to the theater lobby where a woman employed by the candy counter concessionaire put out the fire.

We direct our inquiry first to the question of supervision. There were 450 seats on the main floor of the theater and 225 in the balcony.  About 200 children attended the Sunday afternoon showing at which the infant plaintiff was injured.  There was ample evidence that the Saturday afternoon and Sunday afternoon audiences consisted largely of children; that they were often unruly; that during a period of weeks or months immediately preceding the accident the flames of lighted matches would occasionally be seen; that cigarette butts and burned candy wrappers and popcorn boxes would be found on the floor; and that children on one or more occasions had ripped seat cushions and set fire to the cotton filling.

There was ample evidence that the supervision afforded in this situation of danger was inadequate.  The testimony adduced by defendants was unimpressive and did little to refute that conclusion.  The jury could find that supervision of the various separated areas of the theater and of the large numbers of restive and unruly children usually in attendance was customarily confided to but three men, the manager, the doorman and

an usher, each of whom had other duties as well. Even this scant supervision was rendered less effective when one of these employees left the theater to eat and one of the others took over his duties. The testimony of the doorman and that of the usher contain certain discrepancies as to time, but each denied that he was within the theater when the child's clothing caught fire and the manager testified that he was then performing the doorman's work of taking tickets in the outer lobby, which was separated from the theater proper by another or inner lobby. It is clear that none of these employees either saw the accident or the events preceding it or observed or assisted the infant plaintiff in the appreciable interval during which he called to the people to his rear and subsequently, when his clothing ignited, ran from the front of the theater to the lobby, rolled on the floor there, entered the washroom and after four or five minutes returned to the lobby, where the fire was finally extinguished by a person not connected with the theater.

Upon this record the jury was clearly warranted in finding the defendants' supervision, generally and at the time of the accident, so inadequate as to constitute negligence proximately causing the injury. In *Philpot* v. *Brooklyn Baseball Club* (303 N. Y. 116, 121) the court reiterated the familiar rule that, " ' 'One who collects a large number of people for gain or profit must be vigilant to protect them ' ' ", citing, *inter alia, Tantillo* v. *Goldstein Bros. Amusement Co.* (248 N. Y. 286, 290) and *Tapley* v. *Ross Theatre Corp.* (275 N. Y. 144, 148). Here the absence of any vigilance seems so plain as to require no discussion. It is doubtless true that appellants were not bound to foresee that one patron might pour an inflammable fluid upon another but the risk of fire of some origin, with consequent injury, was, of course, constant and was heightened in unusual degree by the dangerous proclivities which audiences of children had exhibited in the past. In such circumstances it seems unimportant that the child's clothing was ignited by one means rather than by some other or by a general conflagration.

Among appellants' assignments of error in rulings upon evidence we find none of such substance as would warrant our disturbing a verdict rendered on so clear a preponderance of the evidence. The verdict reflects no evidence of the prejudice which appellants assert as arising upon the rulings complained of. On the contrary, the finding of liability was fully warranted; the verdict was reasonable in amount and is not questioned in that respect; and followed a charge with which appellants' attorney expressed himself as content.

The judgment and order should be affirmed, with costs to respondents.

Foster, P. J., Bergan, Coon and Reynolds, JJ., concur.

Judgment and order affirmed, with costs to respondents.