■ GLADYS HANSON et al., Appellants, v. BLOOMINGDALE BROTHERS, a Division of FEDERATED DEPARTMENT STORES, INC., Respondent.— In a negligence action to recover damages for personal injuries sustained by the female plaintiff as a result of her fall upon a stairway in defendant's department store, plaintiffs appeal from a decision and a judgment of the City Court of New Rochelle, entered May 25, 1960, dismissing their complaint at the end of their case on the ground that as a matter of law, the female plaintiff was guilty of contributory negligence. Judgment reversed on the law, and a new trial ordered, with costs to abide the event. On behalf of the plaintiffs, there was testimony by a witness that about an hour before the accident he saw popcorn, papers and debris on the steps upon which the female plaintiff later fell. She testified that as she descended the steps, holding onto the handrail to her right, " Well, I was looking and I was walking down them. I didn't see anything." She testified further that after her fall she found popcorn adhering to the Cuban heel of her shoe, which had slipped, thus precipitating her fall. In view of the dismissal of the complaint, the evidence must be regarded in the aspect most favorable to plaintiffs, who must be given every favorable inference which can reasonably be drawn therefrom (*Levine* v. *City of New York,* 309 N. Y. 88, 92; *Sagorsky* v. *Malyon,* 307 N. Y. 584, 586; *Philpot* v. *Brooklyn Baseball Club,* 303 N. Y. 116, 119). So viewed, in our opinion, reasonable minds might differ as to whether the female plaintiff was guilty of contributory negligence in not observing the foreign matter on the stairway. Hence, the issue as to her contributory negligence should not have been decided by the trial court as a matter of law but should have been submitted to the jury as a question of fact (*Nelson* v. *Nygren,* 259 N. Y. 71, 76; *Nimons* v. *Montgomery Ward & Co.,* 275 App. Div. 983; *Leshinsky* v. *Cohen,* 262 App. Div. 775). Appeal from decision dismissed; no appeal lies from a decision. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.