■ ROBERT L. GARY, an Infant, by RUTHINA GARY, His Mother and Natural Guardian, et al., Appellants, v. CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injury, loss of services and medical expenses, the plaintiffs (mother and son) appeal from a judgment of the Supreme Court, Queens County, entered April 17, 1963 upon the court's oral opinion after a jury trial, dismissing the complaint at the close of plaintiffs' case. Judgment affirmed, without costs. No opinion. Beldock, P. J., Ughetta, Christ and Hopkins, JJ., concur; Rabin, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The infant plaintiff (hereafter called the "plaintiff") was injured on March 7, 1958 during a period of physical education in the gymnasium of Jamaica High School. He was a second-year student, 16 years old and 6 feet tall at the time. A group of 90 students ranging in age from 14 to 18 years was

divided into three groups of 30, and each group was instructed to run around the rectangular "gym" between the boundary of the basketball court and the wall. At the four corners the boys were to make right-angle turns. For two laps, these groups of 30 were to jog around to loosen up; and, on the third lap, to run at full speed. The plaintiff's group of 30 ran in orderly file on the first two laps, running in groups of two and keeping strungout lines, characterized as "orderly". On the third lap, while plaintiff and the others ran at full speed, the group broke lines, there was "mass confusion"; and, on one of the turns, plaintiff was bumped from behind by another student in his group, and fell, sustaining the injuries complained of. In charge of the 90 boys were 2 teachers. On the third lap, the group, running at full speed, passed 5 or 6 feet in front of these teachers, but they did not call a halt or blow a whistle while the milling and fast-running pupils sped past them. The complaint having been dismissed at the close of plaintiff's case, plaintiff is entitled to the most favorable inferences which may be drawn from the proof (*Osipoff* v. *City of New York*, 286 N. Y. 422, 425; *Philpot* v. *Brooklyn Baseball Club*, 303 N. Y. 116, 119). At bar, in my opinion, whether the supervision accorded to the pupils on the third lap was adequate, presented a question of fact (*Lopez* v. *City of New York*, 4 A D 2d 48, affd. 4 N Y 2d 738), particularly where, as here, a large number of boys participated simultaneously in games which overcrowded a gymnasium (*Bauer* v. *Board of Educ.*, 285 App. Div. 1148). At bar, absent proof of the dimensions of the gymnasium, it cannot be said, as a matter of law, that the floor space must be presumed to have been wide enough to permit 30 boys to run at full speed in the confines of the edges of the basketball court and the walls. On the third lap, from the plaintiff's description of "mass confusion" and the breaking of the hitherto orderly lines which had prevailed during the first two laps, a question of negligent supervision was presented. Lacking proof by defendant that, on the third lap, the boys were instructed to run in some pre-established and safe sequence, a trier of the fact could well find that the plaintiff's undisputed evidence negatived the conclusion that each boy had a clear path ahead of him to enable him, without risk of injury, to run at full speed within the boundaries marked out for the group, including the right-angle corners. In addition, 30 boys of miscellaneous age and growth were running in a group on the third lap. Unless each boy had a clear path ahead of him to enable him to run full speed, particularly on the right-angle turns, I would also be inclined to the view that that part of the required exercise would be an intrinsically dangerous activity and that an accident of the type here involved would be definitely foreseeable. The danger of running into each other, if bunched together, and the consequences of such collision are readily to be anticipated. Some boys have longer strides than others and some have greater speed than others, and the natural tendency of each would be to try to break through the group so as to "come out ahead" of the others.