■ MARGARET A. BERG, an Infant, by ROBERT BERG, Her Guardian ad Litem, et al., Appellants, v. TOWN OF HUNTINGTON, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, in favor of defendant town, entered February 8, 1968 upon a dismissal of the complaint at the close of plaintiffs' case. The action was discontinued as against defendant county. Judgment affirmed, without costs. The infant plaintiff was injured when an automobile in which she was a passenger, driven by her mother, struck a tree after rounding a curve. The tree was about three feet from the edge of the paved portion of the road. The testimony of plaintiffs' expert witness established that the road was safe at the speed at which the car was being driven; and the negligence of the mother in the operation of the vehicle was conceded. Although the facts must be viewed most favorably to plaintiffs (*Philpot* v. *Brooklyn Nat. League Baseball Club,* 303 N. Y. 116, 119), we are of the opinion that they nevertheless demonstrate that the sole proximate cause of the accident was the manner in which the automobile was being operated; and the dismissal of the complaint was therefore proper (*Darling* v. *State of New York,* 16 N Y 2d 907; *Ellis* v. *State of New York,* 16 A D 2d 727, affd. 12 N Y 2d 770; *Kinne* v. *State of New York,* 8 A D 2d 903, affd. 8 N Y 2d 1068). We also find no grounds for reversal in the trial court's rulings on the admission of evidence. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

■ JEAN CIENCIVA et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 9, 1967, which denied their motion to vacate an agreement of settlement. Order affirmed, with $10 costs and disbursements. " Stipulations of settlement are favored by the court and will not be set aside in the absence of fraud or overreaching " (*Matter of Hecht,* 24 A D 2d 1001; and cases cited therein). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.