Giovacco v Graham (2023 NY Slip Op 00926)

Giovacco v Graham

2023 NY Slip Op 00926

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Pitt-Burke, JJ. 

Index No. 156895/19 Appeal No. 17343 Case No. 2022-02536 

[*1]Amanda Giovacco, Plaintiff-Appellant,
v
Aubrey Graham Also Known as Drake, et al., Defendant-Respondents,Joseph Picco et al., Defendants.

Mischel & Horn, P.C., New York (Andrew J. Fisher of counsel), for appellant.
Kiernan Trebach LLP, New York (Steven H. Rosenfeld of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 18, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Aubrey Graham a/k/a Drake (Drake) and Live Nation's motion for summary judgment dismissing the claims against them and denied plaintiff's cross motions for partial summary judgment as to liability against defendants The Madison Square Garden Company, MSG Entertainment Holdings, LLC, and MSG Sports & Entertainment, LLC (collectively MSG), and to compel Drake to appear for a deposition, unanimously modified, on the law, Live Nation's motion for summary judgment denied, and otherwise affirmed, without costs.
Plaintiff, an audience member, alleges that she was injured while attending a concert at Madison Square Garden, at which defendant Drake was the featured performer, when she was hit in the head by an aluminum bottle thrown by a member of the crowd.
Defendant Live Nation, as promoter and producer of the concert, entered into an agreement with Drake's production company, nonparty Away From Home Touring, Inc. (agreement), which required Live Nation to provide, among other things, security for the event. Live Nation also entered into a license agreement with defendant MSG, the owner and operator of Madison Square Garden. Pursuant to the license agreement, Live Nation was allowed to use the Arena at Madison Square Garden for the concert and MSG was to provide, among other things, security officers for the event.
Defendant Drake, as the performing artist, established prima facie that he owed no duty of care to plaintiff, by demonstrating that plaintiff was not a party to the agreement between Drake's production company and Live Nation. In opposition, plaintiff failed to raise an issue of fact as to the applicability of any of the exceptions to the general rule that a contractual obligation does not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Plaintiff has not provided any evidence that Drake "launched a force or instrument of harm"; that Drake had a contractual obligation to provide security at the concert, or that there was any basis for her to claim that she reasonably relied to her detriment on Drake's continued performance of his purported contractual obligation to Live Nation; and the record clearly demonstrates that Drake did not have complete control over the safety and security of Madison Square Garden, thereby displacing Live Nation's duties (id.).
However, Live Nation, as promoter and producer of the event, had a responsibility to ensure that the large crowd it attracted for its financial gain did not pose an unreasonable risk to the concertgoers (see Philpot v Brooklyn Natl. League Baseball Club, Inc., 303 NY 116, 121 [1951]; Rotz v City of New York, 143 AD2d 301, 307 [1st Dept 1988]). Plaintiff, alleging that members of the crowd were throwing projectiles throughout the evening, raised [*2]a triable issue of fact with respect to whether Live Nation had actual or constructive notice of the unsafe crowd conditions that caused her injuries (see Miller v Live Nation Worldwide, Inc, 2016 WL 374103, * 3-4, 2016 US Dist LEXIS 11369, *9-13 [D MD, Feb. 1, 2016, CBD-14-2697]). Moreover, testimony provided by Live Nation, along with the license agreement, established that Live Nation coordinated security with MSG.
Finally, the court correctly denied plaintiff's cross motion for summary judgment as against MSG. Plaintiff failed to demonstrate the absence of material facts with respect to foreseeability and proximate cause (Voss v Netherlands Ins. Co., 22 NY3d 728, 736-737 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023