■ EARL BLASCH et al., Respondents, v CHRYSLER MOTORS CORPORATION et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 22, 1982 in Albany County, which denied the motion of defendants Chrysler Motors Corporation and Chrysler Corporation for (a) leave to serve an amended answer raising the affirmative defenses that plaintiffs entered into a settlement agreement with defendant Gary Paone and that any judgment must be reduced by the amount of that settlement or Paone's apportioned share of liability, (b) an examination before trial of Paone's insurer, Travelers Insurance Company, and (c) discovery and inspection of Travelers' claims file regarding Paone. On November 28, 1975, Gary Paone drove his car into the rear of a car containing Earl Blasch and other members of his family. The Blasch car, which was manufactured by defendant Chrysler, burst into flames, killing Laverne Blasch and seriously injuring the others. Initially, an action by Earl Blasch was commenced against Paone who was found guilty of criminally negligent homicide as a result of this incident. That action was thereafter discontinued and a new action brought against Paone, Chrysler Motors Corporation and others. Thereafter Paone's insurer, Travelers Insurance Company (Travelers), paid the full limits of its policy but on inquiry stated that the money was an advance payment against any future judgment and the discontinuance was merely in preparation for the new lawsuit. Concededly, no written release was executed. Some nine months after receiving answers to supplemental interrogatories concerning the discontinuance of the first action, Chrysler Motors Corporation and Chrysler Corporation moved for leave to serve a supplemental answer raising the affirmative

defense of a settlement and for further discovery of Travelers' agents and files. Chrysler contended the arrangement between plaintiffs and Travelers constituted a release or a covenant not to sue within the meaning of section 15-108 of the General Obligations Law and, therefore, a reduction of any judgment was required. Plaintiffs opposed the motion on the grounds of gross laches and that the motion had no merit since there was no intent to release Paone. Special Term denied the motion on the ground there was no release or covenant not to sue and, consequently, the proposed affirmative defense lacked merit. Disclosure was accordingly also denied. This appeal ensued. Basically, we are concerned with Chrysler's request to amend its answer. Inextricably linked with this request is whether the actions of plaintiffs and Travelers constituted a release for purposes of section 15-108 of the General Obligations Law. The actions relied upon by Chrysler to indicate a release consist of the discontinuance, the payment of the entire policy, plaintiffs' decision not to execute releases but to consider the payment as an advance against any judgment to avoid the effect of the General Obligations Law, and Travelers interpretation of the payment as a discharge of its obligation to defend and its subsequent absence from the lawsuit since the discontinuance. It also appears from the record that the proceeds of the insurance policy were paid to three of the present plaintiffs rather than solely to Earl Blasch who was the only plaintiff in the original action. Chrysler also argues that the parties may have entered into some sort of a secret agreement in which plaintiffs either settled or agreed not to prosecute the action against Paone. The effect of a release or covenant not to sue under section 15-108 is to absolve the released defendants "from any liability to plaintiff, to each other or to the nonsettling defendants" (*Meleo v Rochester Gas & Elec. Corp.,* 72 AD2d 83, 85, app dsmd 49 NY2d 979). The issue is thus whether Paone was released from any further liability. It is well established that leave to amend or supplement should be freely given absent prejudice or surprise resulting from the delay (*Bronson v Potsdam Urban Renewal Agency,* 74 AD2d 967). The determination generally rests in the sound discretion of the court. It has recently been determined that the court should examine the sufficiency of the pleadings at the threshold on a motion to amend when a substantial question is raised as to the sufficiency or meritoriousness of a proposed pleading or matter contained therein (*Andersen v University of Rochester,* 91 AD2d 851; *Sharapata v Town of Islip,* 82 AD2d 350, affd 56 NY2d 332). In the present case, however, we are unable to say as a matter of law that a release within the contemplation of section 15-108 of the General Obligations Law was not effected. Since there are questions of fact presented, the amendment should be allowed and the merits deferred (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025.11, pp 481, 482). Accordingly, Special Term abused its discretion in denying the motion to serve an amended answer. In view of this conclusion, it was also improper to deny further discovery. The order should be reversed. Order reversed, on the law, without costs, and motion of defendants Chrysler Motors Corporation and Chrysler Corporation granted. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur. [114 Misc 2d 223.]