OPINION OF THE COURT
Robert C. Williams, J.
Plaintiff moves pursuant to CPLR 3025 and 3043 to amend his complaint and bill of particulars to assert a new cause of action against the defendant town.
Plaintiff was injured as a result of an automobile accident. Police officers of the town arrived at the scene. Allegedly, the officers ignored plaintiff who was unconscious. Plaintiff’s face was lying against the hot exhaust system. While the officers ignored plaintiff’s plight, he suffered serious facial burns. This scenario was depicted by examinations before trial held in January of this year and constitutes the core of the cause of action sought to be added.
The court should examine the sufficiency of the pleading at the threshold on a motion to amend when a substantial question is raised as to the sufficiency or meritoriousness of a proposed cause of action (Blasch v Chrysler Motors Corp., 93 AD2d 934, 935; Andersen v University of Rochester, 91 AD2d 851).
A municipality cannot be held liable for negligence in the performance of a governmental function, including *84 police and fire protection, unless a special relationship existed between the municipality and the injured party (see, e.g., Garrett v Holiday Inns, 58 NY2d 253).
Plaintiff does not allege that the municipality violated any statutory duty owed to him. Rather, his position is that once the police arrived they voluntarily assumed a duty to act, and accordingly, they must act reasonably.
The arrival of police or fire fighters, in and of itself, does not apparently create a special duty. For example, the fire department arrived to extinguish a fire, thought they had and so told the plaintiff. The fire fighters further indicated that what was emanating from the walls was merely vapor and not smoke. Within a few hours of the fire fighter’s departure the building burned to the ground. The complaint alleged a breach of duty in failing to inspect, in giving plaintiff assurances and in leaving the scene while vapor was present. Without issuing an opinion, the Court of Appeals affirmed the dismissal of the complaint for failure to state a cause of action (Messineo v City of Amsterdam, 17 NY2d 523).
In another case, the car plaintiff was driving stalled at night in a driving lane of a busy highway. Policemen in a car pulled up while plaintiff was working on the car with both the hood and trunk open and inquired as to what plaintiff was doing. Plaintiff explained. In response one of the officers told him to hurry up and get out of there. The officers then drove away. Shortly thereafter, a car hit the stalled vehicle and inflicted serious injuries on plaintiff. The courts found no special duty was owed to plaintiff, so no liability attached to the municipality (Pinkney v City of New York, 50 AD2d 928, affd 40 NY2d 1004).
The underlying rationale absolving a municipality of liability unless there is a special relationship is the judicial reluctance to interfere with how other branches of the government are to allocate their resources (Riss v City of New York, 22 NY2d 579, 581-582; Weiner v Metropolitan Transp. Auth., 55 NY2d 175). When the police have arrived at the scene of an extant emergency there is no longer the need for the courts to concern themselves with imposing impossible burdens of allocating resources on municipalities.
*85 The guiding legal principle as propounded by Judge Cardozo is this: “ Tf conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward’ (De Long v County of Erie, 60 NY2d 296, 305, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 167.)
Under the circumstances of this case the inaction of the police who were present at the scene of the accident did more than just withhold a benefit to already injured persons. Their failure to act upon arrival worked an injury, as plaintiff’s face was in touch with a section of a hot exhaust system. It could be concluded their inaction caused a separate and distinct injury, the burning of the face. Accordingly, the duty of the municipality only arose at the time the police arrived, voluntarily assuming a duty to render assistance. Their failure to exercise reasonable care is a breach of that duty (Parvi v City of Kingston, 41 NY2d 553, 559). What is more, the presence of the uniformed officers may have caused the other persons present to defer their assistance to the officers who were supposedly trained to deal with emergency situations.
No prejudice or surprise being demonstrated, the motion to amend the complaint and bill of particulars is granted and are deemed served. Defendants shall serve their answers, cross claims and third-party complaints, if any, within 10 days of receipt of the order to be entered hereon, with notice of entry. Responsive pleadings shall be served within 10 days of receipt of the pleading to which it responds.