■ RANDY D. RAMUNDO et al., Respondents, v TOWN OF GUILDERLAND, Defendant and Third-Party Plaintiff-Appellant.

JOSEPH D. RAMUNDO, Third-Party Defendant. — Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered May 4, 1984 in Albany County, which granted plaintiffs' motion to amend their complaint.

This personal injury suit has its origin in a 1981 accident. Plaintiffs were injured when the truck in which they were traveling left a Town of Guilderland road in Albany County and crashed into a nearby wooded area; they charge that the town negligently maintained the highway and failed to adequately warn of its dangerous conditions. The town impleaded Joseph D. Ramundo, the owner of the truck and the father of the driver, plaintiff Randy D. Ramundo. Thereafter, as a result of perceived factual discrepancies in examinations before trial conducted of the town police and the third-party defendant regarding the adequacy of care provided to plaintiff Ramundo by the police, plaintiffs sought leave to amend their complaint. Essentially, the proposed amendment alleges that the town police, while in control of the accident scene, negligently failed to remove a hot muffler resting against plaintiff Ramundo's face as he lay unconscious, and that had they done so his serious facial burns would have been prevented or minimized. Reasoning that plaintiffs raised a triable issue concerning the police officer's breach of a special duty to plaintiff Ramundo, Special Term granted leave to amend; the town appeals.

Absent prejudice or surprise resulting from delay, motions to amend pleadings should be freely granted (CPLR 3025 [b]; *Murray v City of New York,* 43 NY2d 400, 404-405). If, however, the proposed amendment plainly lacks merit or a substantial question exists as to its sufficiency, the motion may be denied (*Blasch v Chrysler Motor Corp.,* 93 AD2d 934, 935; *Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332).

The town forthrightly does not contend that any operative prejudice will accrue to it if leave to amend is granted, but argues that since the proposed amendment does not allege that a special duty existed between its police officers and plaintiff Ramundo, a viable cause of action is lacking and plaintiffs' motion should therefore have been denied. Generally, a municipality cannot be cast in damages for failing to furnish adequate police protection unless a special duty to that individual is shown to exist (*Evers v Westerberg,* 38 AD2d 751, *affd* 32 NY2d 684). But when the police assume a duty to assist members of the public and exercise control over them, a special duty to provide proper care and attention so that the condition of the individual requiring aid is not worsened may indeed arise (*see, Florence v Goldberg,* 44 NY2d 189, 196-197; *Parvi v City of*

*Kingston,* 41 NY2d 553, 559; *Rockwell v State of New York,* 32 Misc 2d 167, 169-170, *affd* 19 AD2d 946; *see also, De Long v County of Erie,* 60 NY2d 296, 304-305).

The town police officers arrived at the accident scene, took control of the area and established a special relationship with the victims by rendering assistance to them. The officers' mere presence is said to have deterred the third-party defendant from promptly looking after his son and to the earlier removal of the muffler from the son's face. Having undertaken to aid the victims, the officers had a duty to use care not to affirmatively increase their harm. Whether the circumstances confronting the officers at that time were such that their inaction with respect to plaintiff Ramundo was justified and, if not, whether it caused him to thereby suffer a separate and distinct injury, they were, at the very least, obliged to use reasonable care.

Order affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur. [124 Misc 2d 83.]