■ ANTHONY PIGNATARO et al., Respondents, v HENRY E. BALSAMO, Appellant. — Harvey, J. Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered May 24, 1984 in Saratoga County, which denied defendant's motion for leave to serve an amended answer setting forth a counterclaim.

Plaintiffs commenced the instant action in August 1983 alleging, *inter alia,* that in June 1967, following their father's death, they inherited a one-half interest in property located in Saratoga County. Defendant continued in his status as owner of the other one-half interest in the property. In their action, plaintiffs sought, *inter alia,* an accounting and a judgment for any money due which represented accrued rental or other profits realized from the property, the entire proceeds of which defendant had allegedly converted to his own use.

Defendant appeared *pro se* and served an answer interposing four counterclaims. On motion by plaintiffs, Special Term dismissed the counterclaims for improper pleading. Defendant did not appeal from the order dismissing his counterclaims. Thereafter, having retained counsel to represent him, defendant sought leave to amend his answer and to interpose one of the repleaded counterclaims which was previously dismissed. When leave to replead was denied, this appeal by defendant ensued.

While leave to amend a pleading ordinarily lies in the sound discretion of the trial court, it generally should not be denied absent prejudice or surprise to the other party. Here, the counterclaim defendant seeks to assert in the amended pleading is for a setoff against amounts claimed by plaintiffs in their complaint. It would be counterproductive of judicial economy to require defendant to commence a separate action so closely related to plaintiffs' claim. There can be no valid claim of surprise by plaintiffs, nor will any actual prejudice result by permitting defendant to amend his answer to assert the proposed counterclaim. Accordingly, he should be permitted to do so

(*see, Fahey v County of Ontario,* 44 NY2d 934; *Blasch v Chrysler Motors Corp.,* 93 AD2d 934, 935).

Order reversed, on the law, without costs, and motion granted. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.