■ NETTIE M. JONES, Respondent-Appellant, v HENRY GELLES, Appellant-Respondent, and EDWIN H. WEIBRECHT, JR., Appellant. (Action No. 1.) NETTIE M. JONES, Appellant, v MERRILL THOMAS, Respondent. (Action No. 2.)—Mahoney, P. J.

Appeal, in action No. 1, from an order of the Supreme Court (Dier, J.), entered June 22, 1987 in Essex County, which, *inter alia,* granted plaintiff's motion to dismiss the repleaded second counterclaim asserted by defendant Henry Gelles.

Appeal, in action No. 2, (1) from an order of the Supreme Court (Dier, J.), entered June 17, 1987 in Essex County, which granted defendant's motion to dismiss the complaint, (2) from the judgment entered thereon, and (3) from that part of an order of said court, entered June 22, 1987 in Essex County, which denied plaintiff's motion to consolidate the actions.

This litigation concerns a promissory note executed by defendant Edwin H. Weibrecht, Jr., and a personal guarantee of that note executed by defendant Henry Gelles. Weibrecht defaulted, and in August 1981 plaintiff gave notice of acceleration to Weibrecht and Gelles demanding full payment of the outstanding balance which was in excess of $500,000. No payment was made, and action No. 1 was commenced in November 1981 against Gelles and Weibrecht. Subsequently, plaintiff, Weibrecht and other interested parties entered into settlement negotiations. Gelles did not participate and was not a party to the ultimate agreement. After the settlement, Gelles served an amended answer which included counterclaims against plaintiff and cross claims against Weibrecht.

Gelles and plaintiff both moved for summary judgment. In November 1985 Supreme Court dismissed the complaint and dismissed a counterclaim alleging fraud, with leave to replead. Gelles, on December 16, 1985, served a second amended answer repleading the fraud counterclaim and, on January 27, 1986, served a third amended answer which contained additional counterclaims. The latter pleading was rejected by plaintiff and Weibrecht. Gelles then moved to compel acceptance of the third amended answer and for leave to serve a fourth amended answer.

While such motion was pending this court modified Supreme Court's order on the summary judgment motion by reinstating the complaint and dismissing the three remaining counterclaims and two of the affirmative defenses (125 AD2d 794). This court affirmed the dismissal of the fraud counterclaim with leave to replead (supra). Plaintiff then moved to dismiss the repleaded fraud counterclaim.

By two orders entered June 22, 1987, Supreme Court granted the motion by Gelles to compel acceptance of the third amended answer but denied leave to serve a fourth amended answer; the court also granted plaintiff's motion to dismiss the repleaded fraud counterclaim. Gelles appeals from so much of the orders as aggrieved him, and plaintiff and Weibrecht cross-appeal to the extent that acceptance of the third amended answer was compelled.

Plaintiff had also commenced action No. 2 against defendant Merrill Thomas, who had been her agent in the transaction which forms the basis of this lawsuit. She moved to consolidate action No. 2 with action No. 1. Thomas moved to dismiss the complaint. Supreme Court, in separate orders, dismissed the complaint in action No. 2 and denied the motion to consolidate as moot. Plaintiff appeals from those orders.

Dealing first with the appeals in action No. 1, we hold that Supreme Court properly denied Gelles leave to serve a fourth amended answer and, further, should not have compelled acceptance of his third amended answer. CPLR 3025 (a) provides that a party may amend his pleading once without leave of court. After one amendment as of right is made, further amendment is possible only with court permission. Here, Gelles had already amended his answer twice and, thus, needed leave of court to serve the third and fourth amended answers.

Whether to grant leave to amend a pleading is a matter of discretion. Gelles' second amended answer took advantage of

Supreme Court's grant of leave to replead the fraud counterclaim. Five weeks later, Gelles sought to again amend his answer, this time setting forth 14 counterclaims. Gelles does not indicate what circumstances justify such action, nor does he demonstrate that any new facts came to light during that five-week period to warrant such an extensive amendment of his answer. This court has noted that an important factor to be considered upon an application to amend a pleading is that the application be made promptly upon the discovery or awareness of facts upon which such application is predicated (see, Beuschel v Malm, 114 AD2d 569). This factor takes on even greater significance when an action is ready for trial (supra). The instant action was granted a trial preference because of plaintiff's advanced age and it has now been pending for over six years. Thus, considering all of the circumstances, neither the third nor fourth amended answers should be permitted.

Next, Gelles challenges Supreme Court's dismissal of the repleaded fraud counterclaim. This court affirmed the dismissal of the fraud counterclaim in the amended answer because the allegations were conclusory and lacking in specificity. In the second amended answer, Gelles adds further allegations, but none of them cure the deficiencies noted with regard to the earlier amended answer. While Gelles avers that he relied on representations made by Weibrecht and plaintiff, he fails to state what those representations were. While we recognize that some flexibility is required when a fraud claim is at issue since discovery may yield facts which are known only by the charged party, there is no question in the instant case that Gelles must know what was told to him by plaintiff and Weibrecht. Thus, the fraud counterclaim, based as it is on mere conclusory allegations, was properly dismissed.

Turning to action No. 2, the sole claim of plaintiff against Thomas, her agent, is based upon the fraud counterclaim asserted by Gelles against plaintiff, wherein Gelles alleges fraudulent conduct on the part of plaintiff's agents. Plaintiff commenced action No. 2 to interpose an indemnity claim against Thomas in the event Gelles were to succeed on his fraud counterclaim. Plaintiff concedes that if this court affirms the dismissal of the fraud counterclaim asserted by Gelles, there will be no basis for action No. 2. Since we have affirmed the dismissal of Gelles' fraud counterclaim, the dismissal of action No. 2 is affirmed, as is the denial of the motion to consolidate.

Order entered June 22, 1987 (based on papers numbered 4

and 5) modified, on the law, without costs, by reversing so much thereof as granted defendant Henry Gelles' motion to compel acceptance of his third amended answer; said motion denied; and, as so modified, affirmed.

All other orders and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss, and Mikoll, JJ., concur.