RANDY D. RAMUNDO et al., Respondents, v TOWN OF GUILDER-LAND, Defendant and Third-Party Plaintiff-Appellant. JOSEPH D. RAMUNDO, Third-Party Defendant-Respondent.

Third Department, November 10, 1988

## APPEARANCES OF COUNSEL

*James L. Pemberton* for defendant and third-party plaintiff-appellant.

*McClung, Peters & Simon (Lynda S. Doud* and *Stephen J. Arlington* of counsel), for respondents.

*Bohl, Clayton, Komar & Della Rocca (Myron Komar* and *John E. Dorfman* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

Mercure, J.

Plaintiffs, Randy D. Ramundo (hereinafter plaintiff), Anne M. Carroll and Joseph R. Egan, were injured when the truck in which they were traveling left Settles Hill Road, a Town of Guilderland highway in Albany County, and crashed into a nearby wooded area. Subsequent to the accident, curve warning and advisory speed signs were posted at the scene. Plaintiffs commenced this action, alleging that the town negligently maintained the highway and failed to adequately warn of its dangerous conditions. Additionally, plaintiff was granted permission (124 Misc 2d 83, *affd* 108 AD2d 995) to assert a cause of action against the town alleging that its police officers failed to provide care adequate to prevent or limit the serious burns to his face. The town commenced a third-party action

against Joseph D. Ramundo (hereinafter Ramundo) as owner of the truck, alleging negligence in his failure to ascertain plaintiff's condition before allowing him to borrow the truck. At the close of the evidence, Supreme Court granted Ramundo's motion to dismiss the third-party complaint and all cross claims against him. The jury determined that the town negligently failed to erect warnings signs and guide rails at the accident site and that this negligence proximately caused the injuries sustained by plaintiffs. Although the jury found that the police officers were negligent at the accident scene, it determined that this negligence was not a proximate cause of plaintiff's injuries. The jury awarded nonitemized damages of $350,000, $8,500 and $1,500 to plaintiff, Carroll and Egan, respectively. The town appeals from the separate judgments which dismissed the third-party complaint against Ramundo and awarded damages in favor of plaintiffs.

█ Initially, Supreme Court properly dismissed the town's affirmative defense of lack of prior written notice of the alleged defects in the town highway (see, Town Law § 65-a). Although damages for injuries caused by physical defects in a road, such as potholes and cracks, cannot be recovered in the absence of prior written notice, the courts have refused to extend the prior notice requirement to the failure to maintain or erect traffic signs (Alexander v Eldred, 63 NY2d 460, 467; see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362). Additionally, where, as here, "a municipality has or should have knowledge of a defective or dangerous condition" (Klimek v Town of Ghent, 114 AD2d 614), prior written notice is not required.

█ Nor are we persuaded by the town's argument that Supreme Court erred in refusing to direct a verdict in its favor on the ground that its conduct did not proximately cause the accident. The Court of Appeals has recognized that in certain circumstances the negligence of a municipality in failing to maintain proper traffic signs or lights may be superseded by a driver's familiarity with the road (see, Alexander v Eldred, supra, at 467-469; Atkinson v County of Oneida, 59 NY2d 840, 842), but has nevertheless stressed that the determination of proximate cause is ordinarily a question of fact for the jury (Alexander v Eldred, supra, at 468). Here, plaintiff stated that he was familiar with Settles Hill Road and had driven that stretch of the road approximately 20 to 25 times. Nonetheless, we conclude that Supreme Court properly denied the town's motion for a directed verdict since the

record contains evidence which could support a finding that the town's failure to utilize warning signs and guide rails on the curve was a proximate cause of the accident.

■ Next, we agree with Supreme Court's determination to dismiss the third-party complaint. The parties agree that there is no statutory or regulatory duty imposed on Ramundo to have seat belts installed in his 1965 pickup truck (see, Vehicle and Traffic Law § 383 [6]; 15 NYCRR 49.3), and we reject the town's argument that the jury should have been allowed to consider whether a reasonable owner of a 16-year-old vehicle would have retrofitted it with seat belts. If a new standard of reasonableness is to be imposed concerning the installation of seat belts in older vehicles, it is for the Legislature, rather than the courts, to impose it. Moreover, our review of the record establishes that Ramundo had given plaintiff permission to borrow the truck prior to the morning of the accident and there is no evidence to support the town's contention that Ramundo should have checked his son's condition before permitting him to borrow the truck.

■ The town next contends that Supreme Court erred in permitting testimony as to the subsequent installation of curve warning and speed advisory signs. We agree and conclude that the error requires reversal and a new trial on all issues. The general rule is that evidence of postaccident repairs or modifications is not admissible to show negligence (see, Richardson, Evidence §§ 168, 221, at 136, 197 [Prince 10th ed]; 2 Frumer-Biskind-Milgrim, Bender's NY Evidence] § 58.02 [3] [a], at 425-426). Exceptions, few in number, include evidence of a postmanufacture design change in a strict products liability cause of action premised on a defect in manufacture (see, Rainbow v Elia Bldg. Co., 79 AD2d 287, 292-293, affd on opn below 56 NY2d 550) and, not an exception so much as outside of the rule, evidence offered not to establish negligence but, rather, to establish control (see, Scudero v Campbell, 288 NY 328) or feasibility (see, Cover v Cohen, 61 NY2d 261, 270) or to impeach a witness (see, Caprara v Chrysler Corp., 52. NY2d 114, 122).

Here, plaintiffs would have us carve out a new exception, i.e., evidence showing the full extent of a municipality's forbearance with regard to implementation of its traffic safety plan. However, neither Alexander v Eldred (supra) nor Friedman v State of New York (67 NY2d 271), relied upon by plaintiffs in this regard, lends any credence to the convoluted argument that the extent of delay or inaction subsequent to

the time of an accident is probative of the reasonableness of the time elapsed prior to the accident. Further, since here the allegation of negligence is premised at least in part upon the town's delay in erecting curve warning and advisory speed signs, the evidence of the postaccident signing is offered as direct evidence of negligence. The further contentions that the evidence was offered on the issue of feasibility or for impeachment purposes lack merit. The feasibility of erecting two traffic signs with available State and Federal funds was not at issue and evidence of subsequent signing could not have assisted in impeaching a witness who had not yet testified at the time the evidence was offered and received. The error is highly prejudicial, requiring a new trial, particularly in view of plaintiffs' summation where plaintiffs were clearly asking the jury to draw the conclusion that negligence at the time of the accident is established by repairs made after the accident.

Consideration of the town's remaining contentions reveals no further reversible error, but, since the issues may be expected to arise again, we comment briefly on some of them. Supreme Court properly refused to charge the jury concerning evidence of no prior similar accidents because of the lack of proof to establish that the site has existed in the same condition over several years (see, Cassar v Central Hudson Gas & Elec. Corp., 134 AD2d 672, 674). Next, Supreme Court's charge with respect to highway shoulders was inappropriate. Although a municipality has a duty, when it undertakes to provide a shoulder adjacent to the roadway, to maintain the shoulder in a reasonably safe condition for its foreseeable uses (see, Bottalico v State of New York, 59 NY2d 302, 305), here no claim had been made that the Town failed to provide a safe shoulder. In addition, there was no testimony adduced from plaintiffs' expert to indicate that the shoulder was in any way unsafe, hazardous or defective. Further, we conclude that Supreme Court erred in permitting the jury to hear that the installation of 75 feet of guide rail at the accident scene would have cost about $1,500, while proscribing evidence of the cost of guide rail installation at similar sites throughout the town. Fiscal practicality is a relevant factor to be considered by the jury (see, Gutelle v City of New York, 55 NY2d 794, 795; Tomassi v Town of Union, 46 NY2d 91, 97), but evidence of the cost of one isolated improvement is not properly considered in the absence of evidence of the cost of similar or related improvements, necessarily part of the same planning decision. Last, although we recognize that this action

was commenced prior to the July 30, 1986 effective date of CPLR 4111 (f) and, therefore, itemized verdicts were not statutorily mandated, in our view itemized verdicts have the advantage of facilitating judicial review *(see generally, McDougald v Garber,* 135 AD2d 80, 91-92) and should have been utilized by Supreme Court here.

KANE, J. P., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment entered February 5, 1987 reversed, on the law, and matter remitted to the Supreme Court for a new trial on the cause of action alleging a defective roadway, with costs to abide the event.

Judgment entered February 26, 1987 affirmed, without costs.