■ GREGORY L. KENYON, Respondent, v PAUL VAN VORCE et al., Appellants.—Order unanimously affirmed without costs. Memorandum: Plaintiff was severely burned while he was trapped in his pickup truck, which overturned in a ditch following a single-vehicle accident. Defendant Sheriff Deputies came upon the scene while transporting a prisoner. They radioed for assistance and attempted to put out the fire and extricate plaintiff from the vehicle but were unsuccessful. The Deputies refused an offer of assistance from a nearby resident and prevented him from using his equipment to upright plaintiff's vehicle before the firefighters arrived on the scene. Plaintiff sued the Deputies, claiming that they were negligent in their manner of rescue and for interfering with efforts to extricate him before the fire spread to the cab of his truck. The Sheriff Deputies answered and moved for summary judgment dismissing plaintiff's complaint.

On appeal, these defendants claim that, as officers, they are immune from liability for errors of judgment made in the exercise of their governmental functions. Plaintiff responds that they are not immune from liability because they assumed a special duty to exercise reasonable care in attempting to extricate plaintiff from the burning wreckage. Plaintiff alleges that the Deputies were negligent in denying him the aid, assistance and help of a third party at a time when his overturned vehicle could have been lifted sufficiently to remove him from the danger and in sufficient time to avoid the serious burns he suffered.

"[W]hen the police assume a duty to assist members of the public and exercise control over them, a special duty to provide proper care and attention so that the condition of the individual requiring aid is not worsened may indeed arise" (Ramundo v Town of Guilderland, 108 AD2d 995, 996). Having undertaken to aid the victim, the officers had a duty to use care not to increase the potential for serious injury to plaintiff.

Whether a special duty has been breached is generally a question of fact (De Long v County of Erie, 60 NY2d 296, 306). Also, whether defendants' conduct in their treatment of plaintiff at the accident scene and their refusal to allow the

volunteer to intervene in the rescue attempt presents a question of fact which precludes summary judgment relief. (Appeal from order of Supreme Court, Seneca County, Dugan, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Green and Lawton, JJ.