■ KNIGHTS OF COLUMBUS OF RAVENA, Respondent, v FRANK M. STOLTZ AGENCY, INC., Appellant.—Yesawich, Jr., J.

Appeal from an amended order of the Supreme Court (Doran, J.), entered December 21, 1987 in Albany County, which partially granted plaintiff's motion for a protective order.

In February 1986, plaintiff's building was damaged when the roof collapsed, apparently due to an accumulation of snow and ice. Upon discovering that this damage was not covered by a comprehensive business insurance policy in effect for a three-year period ending August 1986, one purchased through defendant, its insurance agent, plaintiff initiated this action in negligence and breach of contract, alleging that defendant failed to procure and maintain appropriate and adequate insurance coverage. Defendant served a notice for discovery and inspection, which plaintiff met with a motion to vacate or modify certain of defendant's demands. Supreme Court granted the motion, in part, by striking demands numbered 1, 2, 3, 6 and 7, which sought the following documents:

"1. Minutes of council meetings from 1971 to 1986 inclusive.

"2. Minutes of insurance committee meetings from 1971 to 1986 inclusive.

"3. Minutes of officers, director and executive committee from 1971 through 1986 inclusive. * * *

"6. All notes or correspondence between plaintiff and defendant from 1971 through February, 1986 inclusive.

"7. All notes or correspondence between plaintiff and any other insurance broker, insurance agency and insurance company between 1971 and February 1986 inclusive."
Defendant has appealed.

Defendant's justification for the stricken demands is that over the course of its business relationship with plaintiff, which apparently began in 1971, plaintiff has relied on its own expertise in selecting insurance coverage and affirmatively declined to purchase an "optional perils endorsement" which would have covered damage caused by the accumulation of snow and ice.

Since defendant has not clearly demonstrated that Supreme Court abused its discretion here, we affirm (see, Nitz v Prudential-Bache Sec., 102 AD2d 914, 915). The stricken demands request records covering a 15-year period preceding the incident at issue; defendant has failed to explain why such a lengthy history is necessary to establish a course of dealings, and, thus, the requests are far too sweeping and of questionable relevance. Moreover, the first and third demands are patently overbroad in seeking as they do the complete minutes of plaintiff's organization when only those bearing on the

acquisition of insurance for the building involved are relevant. Finally, the request for "all notes or correspondence" is palpably improper *(City of New York v Friedberg & Assocs.*, 62 AD2d 407, 410), for it does not meet the specificity requirement of CPLR 3120 (a) (1) (i) *(see, Rios v Donovan*, 21 AD2d 409, 412-414).

Amended order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.