■ CITIZENS FIDELITY BANK AND TRUST COMPANY, Respondent, v COULSTON INTERNATIONAL CORPORATION, Appellant. (Action No. 1.) CITIZENS FIDELITY BANK AND TRUST COMPANY, Respondent, v FREDERICK COULSTON, Appellant. (Action No. 2.) —Mercure, J. Appeals (1) from an order of the Supreme Court (Prior, Jr., J.), entered November 14, 1988 in Albany County, which denied defendants' motion to amend their answers, and (2) from an order of said court, entered February 15, 1989 in Albany County, which, inter alia, denied defendants' motion for discovery and inspection.

In these actions, commenced in June 1985, plaintiff seeks to recover against Coulston International Corporation, defendant in action No. 1, and Frederick Coulston, defendant in action No. 2, upon their unconditional guarantee of indebtedness of Applied Roofing Technology, Inc., a wholly owned subsidiary of the corporate defendant, to plaintiff. Defendants appeal from separate orders of Supreme Court denying a motion for discovery and inspection and for leave to serve amended answers.

Recognizing that trial courts are vested with broad discretion to supervise disclosure, so as to prevent abuses (see, Nitz v Prudential-Bache Sec., 102 AD2d 914, 915; Graf v Aldrich, 94 AD2d 823), we are in essential agreement with Supreme Court's denial of defendants' motion for discovery and inspection. Since plaintiff stipulated at an examination before trial to furnish defendants with a copy of its loan policy and procedures manual, however, Supreme Court should have ordered production of that document. It appears from the record that the balance of the material demanded by defendants has already been furnished or shown not to exist. It is noteworthy in this regard that the 27-page affidavit of defendants' attorney in support of the motion identified no demanded material other than the manual, the great majority of the allegations comprising little more than an exercise in

obfuscation. Moreover, the purported discovery demand contained in the letter of defendants' attorney dated June 17, 1988 is not a demand at all. Rather, the attorney merely seeks "a clearcut answer" as to the availability of certain broad categories of documents. To the extent that a demand was made, it was flagrantly overbroad and, thus, "palpably improper" (*Knights of Columbus v Stoltz Agency*, 147 AD2d 841, 843), thereby obviating plaintiff's obligation to move for a protective order (*see, Zambelis v Nicholas*, 92 AD2d 936).

Turning to the second motion, it is fundamental that whether to grant leave to amend a pleading is a matter of discretion (*Jones v Gelles*, 140 AD2d 819, 820) and where "the proposed amendment plainly lacks merit or a substantial question exists as to its sufficiency, the motion may be denied" (*Ramundo v Town of Guilderland*, 108 AD2d 995, 996; *see, Blasch v Chrysler Motors Corp.*, 93 AD2d 934, 935). In our view, the affirmative defenses and counterclaims asserted in the proposed amended answers were not legally sufficient. Accordingly, Supreme Court did not abuse its discretion in denying defendants' motion for leave to serve the amended answers.

By the express terms of the written guarantees forming the basis for plaintiff's causes of action, defendants "absolutely and unconditionally guarantee[d] * * * the due and punctual payment * * * of any and all existing and future credits of every kind, nature and character * * * granted [Applied Roofing] by [plaintiff] howsoever and whensoever created, arising, evidenced or acquired", and the guarantees were "continuing, absolute and unconditional". Contrary to defendants' assertion, the instruments provided that "[plaintiff] shall not be required to enforce any of its rights or pursue any of its remedies against [Applied Roofing] or any other person obligated on or guaranteeing payment of [Applied Roofing's] credits or to enforce any security interest in any collateral granted to [plaintiff] to secure payment of said credits as a condition precedent to enforcing the terms of [the guarantee]". Moreover, the claim that the guarantees were induced by unfulfilled, false or fraudulent oral promises and representations is unavailing since the guarantees are, by their terms, "absolute" and "unconditional" (*see, Citibank v Plapinger*, 66 NY2d 90, 95; *Franklin Natl. Bank v Skeist*, 49 AD2d 215, 218-219) and a guarantor may not vary the terms and conditions of an integrated, unconditional guarantee based upon claimed oral understandings made at the time of contract formation (*see, Braten v Bankers Trust Co.*, 60 NY2d 155, 161-162;

*Canterbury Realty & Equip. Corp. v Poughkeepsie Sav. Bank,*
135 AD2d 102, 108). Finally, any duty of care owed by plaintiff
was owed exclusively to the borrower, Applied Roofing, and
not to defendants *(see, Canterbury Realty & Equip. Corp. v
Poughkeepsie Sav. Bank, supra,* at 109).

Order entered November 14, 1988 affirmed, with costs.

Order entered February 15, 1989 modified, on the law,
without costs, by reversing so much thereof as denied defen-
dants' motion for discovery and inspection of plaintiff's "loan
policy and procedures manual"; motion granted to the extent
that plaintiff is directed to furnish defendants' attorneys with
a copy of the loan policy and procedures manual identified at
page 74 of the March 14, 1988 examination before trial of
Frank Keener; and, as so modified, affirmed. Mahoney, P. J.,
Kane, Yesawich, Jr., and Mercure, JJ., concur.