■ RALPH COSTA et al., Appellants, v WILLIAM FINKE, Doing Business as BILL'S POWER EQUIPMENT, Respondent, et al., Defendant.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered July 31, 1989 in Putnam County, which granted defendant William Finke's motion to dismiss the complaint against him.

On July 13, 1988, plaintiff Ralph Costa (hereinafter plaintiff) was injured while operating a lawn mower he had purchased from a business operating under the name of Bill's Power Equipment in March 1988. Plaintiff thereafter commenced an action against, among others, defendant William Finke (hereinafter defendant), doing business as Bill's Power Equipment, alleging negligence and breach of warranty and also a cause of action for loss of consortium on behalf of plaintiff's wife.

Defendant served an answer denying all material allegations of the complaint. Pretrial discovery commenced and approximately eight months after joinder of issue, defendant moved for dismissal of the complaint or summary judgment on the ground that Bill's Power Equipment was incorporated and, therefore, defendant was not a proper party to the action. In support of the motion, defendant submitted the certificate of incorporation and other documentary evidence indicating that the business was operating as a corporation when the lawn mower was sold to plaintiff. Defendant also submitted an affidavit in which he averred that the sales receipt he had given plaintiff did not reflect the corporate status of the business because he had "mistakenly used a sales receipt left over from the time when [he] was a sole proprietorship". Plaintiff opposed the motion, alleging that he had no knowledge that the business was incorporated. Supreme Court granted defendant's motion and this appeal by plaintiff ensued.

Plaintiff's first point for reversal is that Supreme Court erred in treating defendant's motion as one for summary judgment rather than simply a motion to dismiss under CPLR 3211. We disagree. Defendant's notice of motion and supporting affidavits clearly sought alternative relief under CPLR 3211 and 3212, hence, the court was free to grant the relief it deemed appropriate (see, Bauch v Verrilli, 146 AD2d 835, 836).

However, we agree with plaintiff that the motion was improperly granted because defendant effectively waived the

affirmative defense of "improper party" by failing to include it in his answer (see, CPLR 3018 [b]; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3018.16). Waiver is appropriate where, as here, the revelation surprises the opposing party, there has been pretrial discovery and the defendant has offered no satisfactory excuse for the significant delay in disclosing the business' corporate status. For these same reasons, we decline defendant's request in his reply affidavit for leave to amend his answer (see, Jones v Gelles, 140 AD2d 819, 821).

Order reversed, on the law, with costs, and motion denied. Casey, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.