■ RANDY D. RAMUNDO, Appellant, et al., Plaintiffs, v TOWN OF GUILDERLAND, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered December 19, 1989 in Albany County, which denied plaintiff Randy D. Ramundo's motions to dismiss the affirmative defense of contributory negligence and counterclaim.

Plaintiffs, Randy D. Ramundo (hereinafter plaintiff), Anne M. Carroll and Joseph R. Egan, brought this action to recover for injuries sustained when plaintiff drove a pickup truck off Settles Hill Road, a Town of Guilderland highway in Albany County. The complaint alleged, *inter alia,* that the town negligently maintained the highway and failed to adequately warn of a dangerous condition. The town asserted as an affirmative defense that the accident was proximately caused by plaintiff's culpable conduct and pleaded a counterclaim against plaintiff on the same ground, seeking indemnification for any judgment rendered in favor of Carroll or Egan. The town also brought a third-party action against Joseph D. Ramundo, the owner of the vehicle, seeking indemnification and/or contribution as the result of Ramundo's alleged negligence.

The action proceeded to trial and, at the close of the proof, Ramundo made a trial motion to dismiss the third-party complaint "as it relates not to the allegations relative to vicarious liability under [Vehicle and Traffic Law § 388], but as to every other allegation relative to the alleged direct negligence of [Ramundo]". Supreme Court granted the motion upon the basis that there was no evidence presented to support the allegations that Ramundo permitted plaintiff to operate the vehicle while in an intoxicated condition or that the vehicle should have been equipped with seat belts, and judgment was subsequently entered dismissing the third-party action. Following their deliberations, the jury returned a verdict in favor of plaintiffs. The town appealed the judgment rendered on the jury verdict in favor of plaintiffs and the judgment dismissing the third-party action against Ramundo to this court. We affirmed the judgment dismissing the third-party action upon the basis that there was no duty imposed upon Ramundo to equip the vehicle with seat belts or to check plaintiff's condition before permitting him to borrow the truck (142 AD2d 50, 54). However, we reversed the judgment in favor of plaintiffs and ordered a new trial "on all issues"

*(supra).* Plaintiff subsequently brought separate motions for orders dismissing the affirmative defense of plaintiff's culpable conduct and counterclaim as barred by the doctrine of law of the case. Supreme Court denied the motions and plaintiff appeals.

We affirm. In its appeal from the judgment dismissing the third-party complaint, the town took issue only with Supreme Court's determination that it failed to establish prima facie Ramundo's direct negligence and, as is abundantly clear from our prior decision, only that issue was considered by this court. However, our reversal of the judgment entered on the jury verdict in favor of plaintiffs had the effect of vacating the jury's determination that plaintiff's negligence did not proximately cause plaintiffs' damages. As such, it eliminated the basis for Supreme Court's judgment dismissing the third-party complaint to the extent that it stated a derivative claim under Vehicle and Traffic Law § 388. Thus, the judgment dismissing the third-party action should have been reversed to that extent. This error notwithstanding, our order affirming Supreme Court's judgment dismissing the third-party action will operate as an estoppel only with respect to the questions actually litigated and determined *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 43; *Di Prospero v Ford Motor Co.,* 105 AD2d 479, 480; 9 Carmody-Wait 2d, NY Prac § 63:205, at 211).

Order affirmed, with costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.