428

DAVID R. MONACELLI, by His Guardian ad Litem, EVA J. ADAMS, et al., Respondents, v ALBERT V. ARMSTRONG et al., Defendants. LARRY WRIGHT, Respondent; CHILI FIRE DEPARTMENT, INC., et al., Appellants.

RICHARD E. WRIGHT et al., Respondents, v ALBERT V. ARMSTRONG et ál., Defendants. LARRY D. WRIGHT, Respondent; CHILI FIRE DEPARTMENT, INC., Appellant. (Action No. 1.)

DAVID R. MONACELLI, by His Guardian ad Litem, EVA J. ADAMS, et al., Appellants, v ALBERT V. ARMSTRONG et al., Appellants. ROCHESTER TELEPHONE CORPORATION et al., Respondents, et al., Defendants.

RICHARD E. WRIGHT et al., Appellants, v ALBERT V. ARMSTRONG et al., Appellants. ROCHESTER TELEPHONE CORPORATION et al., Respondents, et al., Defendants. (Action No. 2.)

DAVID R. MONACELLI, by His Guardian ad Litem, EVA J. ADAMS, et al., Respondents, v ALBERT V. ARMSTRONG et al., Defendants, and LARRY D. WRIGHT, Appellant.

RICHARD E. WRIGHT et al., Respondents, v LARRY D. WRIGHT, Appellant, et al., Defendants. (Action No. 3.)

Fourth Department, November 10, 1978

APPEARANCES OF COUNSEL

*Chamberlain, D'Amanda, Bauman, Chatman & Oppenheimer (Henry Ippolito* of counsel), for Chili Fire Department and another.

*Lacy, Katzen, Greene & Jones (Leon Katzen* of counsel), for David R. Monacelli and another.

*Fix, Spindelman, Turk, Himelein & Schwartz (John R. Schwartz* of counsel), for Richard E. Wright and another.

*Bayer, Dupee & Smith (Michael J. Kelly* of counsel), for Larry D. Wright.

*Lines, Wilkens, Osborn & Beck (Michael J. Tobin* of counsel), for Albert V. Armstrong and others.

*Nixon, Hargrave, Devans & Doyle (William B. Lee, Jr.,* of counsel), for Rochester Telephone Corporation and another.

### OPINION OF THE COURT

MOULE, J.

On May 21, 1976 the Chili Fire Department held its annual parade and carnival in the Town of Chili, in Monroe County. Mary Anne Townley and others rode horses in the parade, which had been organized by volunteer fireman, Gerald Van Gelder. On her way home at about 9:30 P.M. Townley was riding a horse allegedly owned by her and her husband along the shoulder of Chili Avenue when she came upon a parked car in front of the residence of Albert and Mary Armstrong. Townley rode her horse around the car on the side farthest from the road. In so doing, she rode onto the Armstrongs' lawn between a mailbox near the highway and a fence post. Between the mailbox and fence post, unseen by Townley, was a wire strung by Albert Armstrong to keep persons from crossing his yard. This wire also touched a utility pole owned by Rochester Gas and Electric and Rochester Telephone that was situated between the mailbox and fence post, and the wire may have been attached to the pole by means of a nail. The horse ridden by Townley hit the wire and sat down on its haunches, throwing Townley off. The horse then got up and ran down Chili Avenue for about a mile, where it collided head-on with a van being driven by Larry Wright. David Monacelli and Richard Wright were passengers in the van and suffered serious injuries as a result of the collision.

Richard Wright and his wife commenced an action against the Armstrongs, the Townleys, Larry Wright, Rochester Telephone, Rochester Gas and Electric and the Chili Fire Department. David Monacelli and his guardian brought a separate action against these parties and also named as parties defendant Van Gelder, the Chili Fire Protection District, the Town of Chili and the County of Monroe. The two actions were consolidated and defendants Van Gelder, the Chili Fire Department, Rochester Telephone, Rochester Gas and Electric and Larry Wright moved for summary judgment. Special Term granted the motions by Rochester Telephone and Rochester Gas and Electric and denied the motions by Van Gelder, the Chili Fire Department and Larry Wright.

■ Initially, we reject the contention that plaintiffs must prove willful negligence or malfeasance on the part of Van Gelder. Section 205-b of the General Municipal Law exempts members of duly organized volunteer fire companies from civil liability for acts done by them in performance of their duty as volunteer firemen, except for willful negligence or malfeasance; however, participation in a fund-raising activity is not a duty of a volunteer fireman (General Municipal Law, § 204-a, subd 7). Although parades described in section 5 (subd 1, pars e, i) of the Volunteer Firemen's Benefit Law are not fund-raising activities (General Municipal Law, § 204-a, subd 1, par b), the parade organized by Van Gelder and the Chili Fire Department is not within the scope of those provisions.

■ To recover in negligence against Van Gelder and the Chili Fire Department, plaintiffs must show the breach of some duty owing to them (*Pulka v Edelman,* 40 NY2d 781, 782). Plaintiffs assert that Van Gelder and the Chili Fire Department had a duty to conduct a safe parade and to protect them from injury by parade participants. While it is true that one who collects large numbers of people for gain or profit must be vigilant to protect them (*Philpot v Brooklyn Nat. League Baseball Club,* 303 NY 116; *Tantillo v Goldstein Bros. Amusement Co.,* 248 NY 286) and that this duty includes the responsibility of using all reasonable care to protect individuals and property from injury due to causes reasonably to be anticipated (*Burgundy Basin Inn v Watkins Glen Grand Prix Corp.,* 51 AD2d 140; *Reschke v Syracuse, Lake Shore & Northern R. R., Co.,* 155 App Div 48, affd 211 NY 602), "[t]he risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344).

■ Although Van Gelder granted a request by one of the horse teams in the parade to be placed near the front of the parade to enable children riding these horses to ride home before dark, there was no discussion between Van Gelder and Mary Anne Townley as to whether the horse ridden by her would be transported by trailer, as she had done on prior occasions, or whether it would be ridden home. The parade commenced at 7:05 P.M. and Mary Anne Townley's Merry Jac Riders, the last unit in the parade, passed the reviewing stand at 9:15 P.M., which was at dusk. The collision between her horse and the van occurred between 15 to 30 minues after the parade had ended. Moreover, the Armstrong residence was 2.2 miles from the point where the parade had ended and the distance from the Armstrong residence to the scene of the collision was another .9 mile. On these facts, the collision between the horse and van was an unforeseeable consequence and, accordingly, there was no duty owing to plaintiffs by Van Gelder or the Chili Fire Department.

■■ Assuming a breach of some duty owing to plaintiffs, the conduct of Van Gelder and the Chili Fire Department was not a proximate cause of plaintiffs' injuries. The intervening sequence of events brought about by others between the time the parade ended and the time the collision occurred was not reasonably foreseeable by Van Gelder and the Chili Fire Department as a natural and probable consequence of their actions (see *Dunn v State of New York*, 29 NY2d 313; *Saugerties Bank v Delaware & Hudson Co.*, 236 NY 425). Furthermore, we reject the claim that Van Gelder or the Chili Fire Department may be found liable for the conduct of Mary Anne Townley on a theory of *respondeat superior.* Therefore, summary judgment should have been granted to Van Gelder and the Chili Fire Department.

■ Summary judgment was properly granted to Rochester Telephone and Rochester Gas and Electric. Causes of action are asserted against those defendants for maintenance of a nuisance under both common law and section 240.45 of the Penal Law. There is no evidence that either of them knowingly or recklessly maintained a dangerous condition within the meaning of Penal Law. Furthermore, where nuisance is based upon negligence, negligence must be proven *(Copart Inds. v Consolidated Edison Co. of N. Y.,* 41 NY2d 564, 569) and to prove negligence, a breach of some duty owing to

plaintiffs must be shown *(Pulka v Edelman,* 40 NY2d 781, 782, *supra).*

■ It is claimed that Rochester Telephone and Rochester Gas and Electric had a duty to remove obstructions hazardous to travelers and the highway as a possessor of real property abutting a highway, a duty to inspect their utility poles and remove foreign objects from them, as set forth in internal regulations of the utilities, and a duty under subdivision 2 of section 319 of the Highway Law to remove obstructions which are within the bounds of a highway. Assuming the existence of some duty on the part of Rochester Telephone and Rochester Gas and Electric, it is settled that foreseeability is a limit on duty *(Pulka v Edelman,* 40 NY2d 781, 786, *supra)* and that "[e]ven where a statutory command is not obeyed there is no breach of duty towards those who do not come within the zone of apprehended danger" *(Boronkay v Robinson & Carpenter,* 247 NY 365, 368).

■ Rochester Telephone and Rochester Gas and Electric have many utility poles under their control. It was unforeseeable by these defendants that a wire would be stretched from one of their poles to a mail box; that a horse and rider would strike that wire; that the rider would lose control and be thrown from the horse; and that the riderless horse would run almost a mile down the middle of a highway into a van. In view of the unforeseeability of plaintiffs' injuries, no duty was owed to them by Rochester Telephone and Rochester Gas and Electric. Therefore, plaintiffs may not recover from these defendants in negligence.

■ Finally, the court properly denied the motion for summary judgment by Larry Wright, the driver of the van in which the plaintiffs were passengers. There are several triable issues concerning the operation of the vehicle, among them, the speed of the van and the condition of its brakes, whether the van was under reasonable control at the time of the collision and whether the driver's vision was impaired by improperly adjusted headlights and a dome light which had been painted red. The question of Larry Wright's negligence must be resolved at trial.

Accordingly, the order denying the motion of Van Gelder and the Chili Fire Department for summary judgment should be reversed; the order granting the motion by Rochester Telephone and Rochester Gas and Electric for summary judg-

ment should be affirmed; and the order denying the motion by Larry Wright for summary judgment should be affirmed.

MARSH, P. J., SIMONS and HANCOCK, JR., JJ., concur.

[Action No. 1.] Order unanimously reversed with costs, motion granted and complaint dismissed as to defendants Van Gelder and Chili Fire Department.

[Action No. 2.] Order unanimously affirmed, with costs.

[Action No. 3.] Order unanimously affirmed, with costs.