■ FOSTER ANDERSEN, an Infant, by His Father and Natural Guardian, NORMAN ANDERSEN, et al., Respondents, v UNIVERSITY OF ROCHESTER, Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff sustained personal injuries when the motorcycle he was riding on defendant's property struck some railroad ties. In his complaint he alleged that defendant was negligent in permitting the railroad ties to remain on the property and in failing to warn of the danger the presence of the ties created. After issue was joined, plaintiff sought to amend his complaint by adding a second cause of action alleging that the presence of railroad ties upon defendant's land constituted a nuisance. Special Term granted plaintiff's motion and defendant appeals, attacking the sufficiency of the amended pleading to state a cause of action. The threshold question is whether we should examine the legal sufficiency of the proposed complaint on a simple motion to amend since it is familiar law that motions to amend pleadings should be liberally permitted unless the rights of the parties are substantially prejudiced. We conclude that it is appropriate for the court to examine the sufficiency of the pleadings on a motion to amend: "[W]hen a substantial question is raised as to the sufficiency or meritoriousness of a proposed pleading or matter contained therein * * * such question should be resolved at the threshold in order to obviate the possibility of needless time consuming litigation" (*Sharapata v Town of Islip,* 82 AD2d 350, 362, affd 56 NY2d 332; see, also, *East Asiatic Co. v Corash,* 34 AD2d 432, 434). The field of nuisance described as an "impenetrable jungle" (*Copart Inds. v Consolidated Edison Co. of N. Y.,* 41 NY2d 564, 565) embraces two concepts — public nuisance and private nuisance. A private nuisance occurs when defendant interferes unreasonably with plaintiff's right to use and enjoy his property (*Copart Inds. v Consolidated Edison Co. of N. Y., supra,* p 570). In contrast, a public nuisance exists when there is an interference with a public right. Public nuisance "consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all * * * in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons" (*Copart Inds. v Consolidated Edison Co. of N. Y., supra,* p 568; and see, also, Prosser, Torts [4th ed], § 88). The normal remedy for a public nuisance is an action by the government, but an individual may bring suit if he can show that he suffered some peculiar injury. Personal injuries are sufficient (Prosser, Torts [4th ed], p 588). Since the facts underlying the lawsuit have nothing to do with plaintiff's property rights, we assume the proposed pleading alleges a public nuisance. Even so, the pleading is insufficient. "To be considered public, the nuisance must affect an interest common to the general public" (Prosser, Torts [4th ed], § 88, p 585; see *Copart Inds. v Consolidated Edison Co. of N. Y., supra.*). Plaintiff has not pleaded any cognizable interference by defendant with a public right in the use of its own property. He claims that such a right has been created because defendant permitted the public to use its land, but he offers no authority to support this proposition. Plaintiff's reliance on *Beauchamp v New York City Housing Auth.* (12 NY2d 400) offers no assistance. In *Beauchamp* the Administrative Code of the City of New York provided that leaving a vacant building unguarded or open created a "dangerous" condition; the code further provided that nuisance shall embrace whatever is "dangerous" under the code. Plaintiff seeks to analogize a provision of the Brighton town ordinance to the ordinances in *Beauchamp.* The Brighton town ordinance, however, merely directs a landowner to keep his property free

of debris. It does not provide that the failure to do so creates a nuisance. Moreover, in *Beauchamp* liability was not predicated upon a nuisance theory. Rather, the existence of a nuisance was deemed to create an "inherently dangerous instrumentality" (*Beauchamp v New York City Housing Auth., supra,* p 407), thus permitting recovery in negligence by a "trespasser" (*Beauchamp v New York City Housing Auth., supra,* p 405), a significant label prior to *Basso v Miller* (40 NY2d 233, 241), which abolished distinctions among invitees, licensees, and trespassers. In sum, the complaint, liberally construed (*Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819), fails to assert any interference with a public right, the *sine qua non* of a cause of action for public nuisance. Therefore, the proposed pleading fails to state a cause of action. (Appeal from order of Supreme Court, Monroe County, Tillman, J. — amend complaint.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.