■ THOMAS HAIRE, Appellant-Respondent, v ROBERT BONELLI JR., Defendant, and PYRAMID COMPANIES et al., Respondents-Appellants. [870 NYS2d 591]—

Kane, J.

Defendant Robert Bonelli Jr. brought an assault rifle to defendant Hudson Valley Mall and began shooting indiscriminately. Of the nearly 60 rounds he fired, one hit plaintiff in the leg, injuring him severely. Plaintiff commenced this action against numerous individuals and entities associated with the mall (hereinafter collectively referred to as defendants) and Bonelli. As against defendants, plaintiff alleged causes of action sounding in negligence, gross negligence, public and private nuisance, common-law fraud and violations of General Business

Law §§ 349 and 350.[1] Defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). Supreme Court dismissed all causes of action against defendant PCK Development Company, and everything but the negligence cause of action against the remaining moving defendants. Plaintiff and defendants cross-appeal.

When courts consider a motion under CPLR 3211, pleadings are afforded a liberal construction, with all alleged facts accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The court may consider affidavits submitted to remedy any defects in the complaint in determining whether plaintiff has a cause of action, per CPLR 3211 (a) (7), not whether he has stated one (*see id.* at 88). Under CPLR 3211 (a) (1), dismissal is warranted if documentary evidence conclusively establishes a defense as a matter of law (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *Leon v Martinez*, 84 NY2d at 88). Based on these standards, Supreme Court properly dismissed the gross negligence, nuisance and fraud causes of action against defendants,[2] but should also have dismissed the negligence cause of action as against certain other defendants.

Supreme Court correctly determined that plaintiff stated a negligence cause of action against the owners, operators and managers of the mall. Property owners and their agents have a duty to maintain the premises in a reasonably safe condition, which includes taking "minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons" (*Leyva v Riverbay Corp.*, 206 AD2d 150, 152 [1994]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). Plaintiff sufficiently alleged that inadequate security and warning and evacuation plans were in place to observe, detect or deter Bonelli or prevent him from injuring people in the mall. The foreseeability of his conduct cannot be determined at this pleading stage because we must give plaintiff the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d at 88).

The only question at this stage of the negligence claim is which defendants are responsible as owners, operators or managers of the mall. In an apparent exercise of caution, plaintiff named numerous individuals and entities under each of these categories. Supreme Court dismissed the entire complaint as against one defendant, but we find that other defendants are

---

1. The causes of action against Bonelli are not at issue on appeal and, therefore, will not be addressed.

2. Plaintiff advised this Court that he is withdrawing his common-law fraud claim.

similarly entitled to dismissal. While plaintiff is correct that an attorney's affidavit is generally not sufficient for the court to rely on for factual information, such an affidavit is appropriate when it is based upon the attorney's own personal knowledge. Affidavits submitted by defendants rarely result in dismissal under CPLR 3211, but dismissal is appropriate if the affidavits are accompanied by documentary evidence and conclusively establish that no cause of action exists (see *Lawrence v Graubard Miller*, 11 NY3d 588, 597 [2008]).

Here, an attorney who is general counsel to one defendant provided information, from his own personal knowledge and his review of attached documents, regarding the corporate structure and relationships of the various defendants. He sufficiently stated that certain defendants, namely Hudson Valley Mall, PCK Development Company, LLP and S & R Company of Kingston, LLC, do not exist as corporate or legal entities, permitting us to dismiss the complaint against those defendants.[3] The attorney also averred, as partially supported by real estate documents, that defendants PCK 2, LLC, HVM Company II, LLC and Hudson Mall Target Corporation only own, control or manage the property under the Target store, not any other portion of the mall. There are no allegations that the Target store is in any way involved in the incident underlying this action (cf. *Brown v Congel*, 241 AD2d 880, 881 [1997]). Referring to real estate documents, the attorney further averred that S & R Company of Kingston is a general partnership which owns or operates neighboring property, not the mall property, and simply had a sewer easement affecting the mall property. Defendant Scott R. Congel is a partner in that partnership, but is not involved in any other business related to the mall. Accordingly, as these defendants had no duty to maintain the mall premises, they were entitled to dismissal of the complaint as against them.

Plaintiff alleged that the individual defendants are officers or members of the defendant corporations or limited liability companies and participated in the commission of a tort in furtherance of company business or to benefit the business, namely reducing or eliminating mall security to maximize profits. These allegations, if proven, would be a sufficient basis to hold those individuals personally liable (see *Rothstein v Equity Ventures*, 299 AD2d 472, 474 [2002]; *W. Joseph McPhillips, Inc. v Ellis*, 278 AD2d 682, 684 [2000]; *Widlitz v Scher*, 148 AD2d 530, 530 [1989]). At this early stage of the action, and given

---

**3.** Although plaintiff supplied numerous documents to support his claims, in his reply papers he did not supply proof that refuted defendants' averments in this regard.

defendants' failure to adequately explain the positions of the individual defendants and their roles in the business entities—let alone their roles in business decisions concerning mall security—we must accept the allegations as true. Thus, those individuals were not entitled to dismissal.

While plaintiff adequately alleged negligence on the part of several defendants, his allegations of gross negligence must fail. Gross negligence involves a reckless disregard for the rights of others, bordering on intentional wrongdoing (*see Lemoine v Cornell Univ.*, 2 AD3d 1017, 1020 [2003], *lv denied* 2 NY3d 701 [2004]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency*, 297 AD2d 430, 431 [2002]). Defendants' actions or inactions, as alleged by plaintiff, do not rise to that level of aggravated conduct.

Supreme Court properly dismissed plaintiff's public nuisance cause of action. "A nuisance is the actual invasion of interests in land" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001] [citation omitted]). To constitute a public nuisance, the offending party's actions must damage or infringe upon the exercise of rights common to all people, such as interfering with the public's right to use a public place (*see id.*; *Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568 [1977]). Though open to the public, the mall is private property (*cf. Andersen v University of Rochester*, 91 AD2d 851, 851 [1982], *appeal dismissed* 59 NY2d 968 [1983]). Plaintiff did not allege an interference with rights belonging to the general public, nor an interest in public land (*see Reid v Kawasaki Motors Corp., U.S.A.*, 189 AD2d 954, 957 [1993]).

Supreme Court also properly dismissed plaintiff's private nuisance cause of action. Liability for a private nuisance arises from conduct which invades another's interest in the private use and enjoyment of land, and the invasion is either intentional, negligent or related to abnormally dangerous activities (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d at 569). Plaintiff does not allege that defendants intentionally invaded his enjoyment in the use of the mall space leased to plaintiff's employer, nor that any abnormally dangerous activities were involved. Where nuisance arises solely from negligence, there is generally a single wrong which may be characterized as either a nuisance or negligence (*see Morello v Brookfield Constr. Co.*, 4 NY2d 83, 90-91 [1958]; *Chenango, Inc. v County of Chenango*, 256 AD2d 793, 794 [1998]). The court may properly submit a single count of negligence to the jury because negligent conduct becomes an element of the nuisance cause of action and the plaintiff can only recover once for the harm suffered regard-

less of how the cause of action is denominated (*see Morello v Brookfield Constr. Co.*, 4 NY2d at 90-91; *McKenna v Allied Chem. & Dye Corp.*, 8 AD2d 463, 467 [1959]). The court, therefore, properly dismissed both the public and private nuisance causes of action.

The claims based upon consumer protection statutes, General Business Law §§ 349 and 350, were properly dismissed because defendants were not involved in any consumer transactions with plaintiff or the general public (*see New York Pub. Interest Research Group v Insurance Info. Inst.*, 161 AD2d 204, 205 [1990]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *U.W. Marx, Inc. v Bonded Concrete, Inc.*, 7 AD3d 856, 858 [2004]).

Mercure, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied certain defendants' motion to dismiss the sixth cause of action against defendants Hudson Valley Mall, PCK Development Company, LLP, S & R Company of Kingston, LLC, S & R Company of Kingston, PCK 2, LLC, HVM Company II, LLC, Hudson Mall Target Corporation and Scott R. Congel; motion granted to that extent and said cause of action dismissed against said defendants; and, as so modified, affirmed. [*See* 2007 NY Slip Op 33197(U).]