Allison Murphy, Respondent, v Ruth Both, Appellant, et al., Defendants. (And a Third-Party Action.) [922 NYS2d 483]—

In an action to recover damages for negligence, nuisance, and pursuant to Navigation Law § 181, the defendant Ruth Both appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated March 29, 2010, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Ruth Both which was for summary judgment dismissing the cause of action to recover damages for nuisance insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant Ruth Both failed to establish her prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to Navigation Law § 181. The New York State Department of Environmental Conservation (hereinafter the DEC) informed the plaintiff that the plaintiff's liability for expenses incurred by the DEC for the investigation and cleanup of the plaintiff's property, as well as expenses for maintenance and monitoring of the water filtration system installed by the DEC at her property, had yet to be determined. Consequently, Both failed to show that the plaintiff will not incur expenses to clean up contamination of the plaintiff's property that was caused by Both. Furthermore, Both did not show that the plaintiff's property can be restored to its precontamination

condition, or that the contamination had no detrimental effect on the value of the plaintiff's property (*see Turnbull v MTA N.Y. City Tr.*, 28 AD3d 647, 649-650 [2006]). Both also failed to show that there is no stigma caused by the contamination that may have had an impact on the value of the plaintiff's property (*see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 732 [1996]; *Turnbull v MTA N.Y. City Tr.*, 28 AD3d at 649). Accordingly, there are triable issues of fact which preclude the award of summary judgment dismissing the Navigation Law § 181 cause of action.

Similarly, Both failed to establish that she was entitled to judgment as a matter of law dismissing the negligence cause of action. In cases involving the pollution of underground waters, liability arising from negligence may be founded only upon a demonstration that the defendant failed to exercise due care in conducting the allegedly polluting activity, and that he or she knew or should have known that such conduct could result in contamination (*see Strand v Neglia*, 232 AD2d 907, 908 [1996]; *Fetter v DeCamp*, 195 AD2d 771, 773 [1993]). Even where the polluting material has been deliberately put onto, or into, a defendant's land, he or she is not liable in negligence for damage to a neighboring landowner's real property unless he or she had good reason to know or expect that subterranean or other conditions were such that the pollutants would migrate from his or her land to the plaintiff's (*see Phillips v Sun Oil Co.*, 307 NY 328, 331 [1954]).

Here, Both failed to establish that she exercised due care regarding an underground tank on her real property, and failed to establish that she did not know or had no reason to know that her failure to remove the underground tank could result in the contamination of the adjacent real property owned by the plaintiff. There is a triable issue of fact as to whether Both exercised due care in failing to follow the recommendation of Agway—the company from which she purchased fuel oil and which installed new fuel storage tanks on her properties—to have the underground tank removed from the ground in October 2000. There are also triable issues of fact as to whether that tank was emptied of fuel oil in October 2000 and, if it was not, whether Both was aware or should have been aware of that fact. Accordingly, the Supreme Court properly denied that branch of Both's motion which was for summary judgment dismissing the negligence cause of action.

However, Both correctly contends that the nuisance cause of action should have been dismissed as duplicative of the negligence cause of action. One is subject to liability for a private

nuisance if his or her conduct is a legal cause of the invasion of an interest in the private use and enjoyment of land, and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]; *Benjamin v Nelstad Materials Corp.*, 214 AD2d 632, 633 [1995]).

Here, although the plaintiff did not argue, in opposition to Both's summary judgment motion, that Both's conduct regarding the underground tank was intentional or abnormally dangerous, she did contend that it was negligent. A nuisance based on negligence is but a single wrong, whether characterized as negligence or nuisance. Whenever a nuisance has its origin in negligence, negligence must be proven (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d at 569; *Chenango, Inc. v County of Chenango*, 256 AD2d 793, 794 [1998]; *Monacelli v Armstrong*, 64 AD2d 428, 430 [1978], *affd* 49 NY2d 971 [1980]). Where, as here, a nuisance arises solely from negligence, the nuisance and negligence elements may be so intertwined as to be practically inseparable, as they are here. The plaintiff may recover only once for harm suffered, regardless of how the causes of action are denominated (*see Morello v Brookfield Constr. Co.*, 4 NY2d 83, 91 [1958]; *Haire v Bonelli*, 57 AD3d 1354, 1358-1359 [2008]). Thus, the Supreme Court should have granted that branch of Both's motion which was for summary judgment dismissing the nuisance cause of action as duplicative of the negligence cause of action (*see Caldwell v Two Columbus Ave. Condominium*, 2010 NY Slip Op 33213[U] [2010]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.