■ KIMBALL BROOKLANDS CORPORATION, Appellant, v COUNTY OF WESTCHESTER, Respondent. [41 NYS3d 248]—

In an action to recover damages for negligence, gross negligence, trespass, and nuisance, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated September 25, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

As a result of Hurricane Irene, on August 28, 2011, the Grassy Sprain Brook, a tributary of the Bronx River, flooded

and overflowed onto the plaintiff's property. Thereafter, the plaintiff commenced this action against the County of Westchester to recover damages for negligence, gross negligence, trespass, and nuisance. The plaintiff alleged that the County was aware of the potential for flooding and had a duty to take measures to prevent the overflow onto its property. Following the completion of discovery, the County moved for summary judgment dismissing the complaint. The plaintiff opposed the County's motion, and cross-moved for summary judgment on the issue of liability. The Supreme Court granted the County's motion and denied the plaintiff's cross motion.

In support of its motion, the County established its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for negligence and gross negligence. "[A] municipal corporation is not liable for failure to restrain waters between banks of a stream or to keep a channel free from obstructions it did not cause. Absent any special duty owed to the private landowners, a municipal corporation cannot be held liable for failing to provide adequate flood protection" (*Mangusi v Town of Mount Pleasant*, 19 AD3d 656, 657 [2005] [citation and internal quotation marks omitted]; *see O'Donnell v City of Syracuse*, 184 NY 1 [1906]; *Office Park Corp. v County of Onondaga*, 64 AD2d 252, 258 [1978], *affd* 48 NY2d 765 [1979]). Here, the County demonstrated that it did not owe a special duty to the plaintiff, and that the overflow was caused by natural phenomena, rather than its conduct. In opposition, the plaintiff failed to raise a triable issue of fact.

The County also demonstrated its prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for trespass and nuisance (*see Malone v County of Suffolk*, 128 AD3d 651, 653 [2015]; *Olympia v Town of Poughkeepsie*, 23 AD3d 445, 446 [2005]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 411-412 [2004]; *cf. Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 783 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the County's motion for summary judgment dismissing the complaint. For the same reasons, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.