■ JOHN A. TRULIO, JR., Respondent-Appellant, v VILLAGE OF OSSINING, Appellant-Respondent. [59 NYS3d 449]—

In an action, inter alia, to recover damages for negligent maintenance, nuisance, trespass, and inverse condemnation, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), dated October 15, 2015, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging negligent maintenance and nuisance, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging trespass and inverse condemnation.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging nuisance, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The plaintiff commenced this action against the defendant, the Village of Ossining, inter alia, to recover damages resulting from periodic flooding of his property since 1974, specifically, after damage from storms in June and August of 2011. The plaintiff alleges that the flooding was caused by deficiencies in a water drainage system as well as the defendant's failure to remove obstructions that block the flow of water. The Village moved for summary judgment dismissing the complaint, submitting the deposition testimony of its engineer and the plaintiff, among others. The Supreme Court denied those branches of the Village's motion which were for summary judgment dismissing the causes of action alleging negligent maintenance and nuisance, and granted those branches of the motion in connection with the causes of action alleging trespass and inverse condemnation.

A municipality is immune from liability "arising out of claims that it negligently designed [a] sewerage system" or storm drainage system (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d 781, 782 [2004]; *see Carbonaro v Town of N. Hempstead*, 97 AD3d 624, 624-625 [2012]; *Fireman's Fund Ins. Co. v County of Nassau*, 66 AD3d 823, 824 [2009]). However, a municipality "is not entitled to governmental immunity arising out of claims that it negligently maintained the sewerage system as these claims challenge conduct which is ministerial in nature" (*Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782; *see De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]; *Nachamie v County of Nassau*, 147 AD3d 770, 773 [2017]; *Bilotta v Town of Harrison*, 106 AD3d 848, 848 [2013]; *Carbonaro v Town of N. Hempstead*, 97 AD3d at 624-625; *Moore v City of Yonkers*, 54 AD3d 397 [2008]; *Biernacki v Village of Ravena*, 245 AD2d 656, 657 [1997]).

To the extent the plaintiff contends that the Village was negligent in failing to improve or renovate the drainage system, dismissal of that cause of action was properly directed. Evidence as to the Village's alleged failure to undertake improvements or renovations to the facilities related only to the design of the system, for which the Village may not be held liable (*see Carbonaro v Town of N. Hempstead*, 97 AD3d at 625; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 782).

However, the Village failed to satisfy its prima facie burden of eliminating all triable issues of fact as to whether it negligently maintained the culvert and drainage system. While the Village presented deposition testimony of its engineer that inspections of the culvert were performed prior to expected storms to ensure that there were no obstructions that would

lead to flooding, the engineer never witnessed the inspections. Further, he acknowledged that there was no routine protocol with respect to when the inspections were performed, and he could not provide any documentation verifying when and if maintenance was done prior to the incidents when the plaintiff's property flooded. The plaintiff also testified at his deposition that while he saw Village workers attempting to clear obstructions from the culvert prior to and during one of the storms, there were several other occasions when his property flooded and no attempts had been made beforehand to clear debris and obstructions. Accordingly, the Supreme Court properly denied that branch of the Village's motion which was for summary judgment dismissing the negligent maintenance cause of action.

The Supreme Court should have granted that branch of the Village's motion which was for summary judgment dismissing the cause of action alleging private nuisance. A defendant is subject to liability for a private nuisance if the defendant's conduct is a legal cause of the invasion of an interest in the private use and enjoyment of land, and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]; *Benjamin v Nelstad Materials Corp.*, 214 AD2d 632, 633 [1995]). Here, the plaintiff argued in opposition to the Village's motion for summary judgment that the cause of action alleging nuisance was not based upon intentional conduct. Moreover, there were no allegations that the drainage system was abnormally dangerous. Thus, the cause of action, in effect, is predicated on negligence. A nuisance based on negligence is but a single wrong, whether characterized as negligence or nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d at 569; *Murphy v Both*, 84 AD3d 761, 762-763 [2011]), and the plaintiff may recover only once for harm suffered, regardless of how the causes of action are denominated (*see Morello v Brookfield Constr. Co.*, 4 NY2d 83, 91 [1958]; *Haire v Bonelli*, 57 AD3d 1354, 1358-1359 [2008]). Since the complaint alleges a cause of action for negligent maintenance, the Supreme Court should have granted that branch of the Village's motion which was for summary judgment dismissing the cause of action alleging nuisance as duplicative of the cause of action alleging negligent maintenance (*see Murphy v Both*, 84 AD3d at 762-763).

Finally, the Supreme Court properly granted those branches

of the Village's motion which were for summary judgment dismissing the causes of action alleging trespass and inverse condemnation, as the Village established, prima facie, its entitlement to judgment as a matter of law dismissing those causes of action, and the plaintiff, in opposition, failed to raise a triable issue of fact (*see Kimball Brooklands Corp. v County of Westchester*, 144 AD3d 756, 757 [2016]; *Tappan Wire & Cable, Inc. v County of Rockland*, 7 AD3d at 783; *Feder v Village of Monroe*, 283 AD2d 548, 549 [2001]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.