Monaghan v Roman Catholic Diocese of Rockville Ctr. (2018 NY Slip Op 06527)





Monaghan v Roman Catholic Diocese of Rockville Ctr.


2018 NY Slip Op 06527


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-00119
 (Index No. 600406/15)

[*1]Kaitlyn Monaghan, respondent, 
v
Roman Catholic Diocese of Rockville Centre, et al., appellants, et al., defendant.


Mulholland, Minion, Davey, McNiff & Beyrer (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Steven J. Ahmuty, Jr., and Jeremy S. Rosof], of counsel), for appellants.
The Abbatoy Law Firm, PLLC, Rochester, NY (David M. Abbatoy, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Roman Catholic Diocese of Rockville Centre and St. Francis of Assisi Parish appeal from an order of the Supreme Court, Nassau County (F. Dana Winslow, J.), entered December 11, 2015. The order, insofar as appealed from, denied those branches of the motion of those defendants which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Roman Catholic Diocese of Rockville Centre and St. Francis of Assisi Parish which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action are granted.
In her complaint, the plaintiff alleged that in 2003, when she was eight years old, the defendant Father Gregory Yacyshyn, a Roman Catholic priest employed and controlled by the defendants Roman Catholic Diocese of Rockville Centre (hereinafter the Diocese) and St. Francis of Assisi Parish (hereinafter the parish), "engaged in unpermitted and harmful sexual contact" with her. Shortly after the alleged conduct occurred, the Diocese and the parish reassigned Yacyshyn to another parish. The complaint alleged that the Diocese and the parish knew and/or should have known that Yacyshyn was a danger to children. The complaint further alleged that, following the issuance of a report by the Suffolk County Supreme Court Special Grand Jury in 2003, the Diocese in 2004 "publicly admitted that it knew there were 66 priests who worked in the Diocese who had been accused of sexually molesting minors." The Diocese did not, however, release the names of those 66 priests.
The complaint asserted five causes of action, alleging, among other things, negligence, negligent infliction of emotional distress, criminal nuisance under Penal Law § 240.45, public nuisance, and violation of General Business Law § 349. The Diocese and the parish (hereinafter together the moving defendants) moved pursuant to CPLR 3211(a)(3) and/or (7) to dismiss, inter alia, the first cause of action alleging negligence, the second cause of action alleging [*2]criminal nuisance, and the third cause of action alleging public nuisance. In an order entered December 11, 2015, the Supreme Court, among other things, denied those branches of the motion. The moving defendants appeal from so much of the order as denied those branches of their motion which were to dismiss the second and third causes of action, alleging criminal nuisance under Penal Law § 240.45 and public nuisance, respectively.
As to those causes of action, the complaint alleged that the Diocese engaged in a long-standing practice of (1) concealing the identities of sexually abusive priests, their sexual assaults, and their pedophilic tendencies; (2) attacking the credibility of victims; (3) protecting sexually abusive priests from criminal prosecution by, among other things, moving them to new parishes without notifying law enforcement or the new parishes of the prior abuse; and (4) falsely holding out those priests as safe to be around children. The complaint alleged that such conduct creates a condition that offends the public morals and unreasonably endangers the safety and health of a considerable number of persons by allowing child molesters to avoid prosecution and remain living freely in unsuspecting communities, thereby impairing the safety of children in the neighborhoods where the Diocese conducts its business. It alleged that, as a result of the Diocese's conduct, the plaintiff was sexually abused by a priest and suffered personal injuries, as well as pecuniary damages. The complaint sought damages and injunctive relief to abate the alleged nuisance by requiring the Diocese to publicly disclose certain information about abusive priests working in the Diocese.
In considering a motion to dismiss pursuant to CPLR 3211, "the facts pleaded are presumed to be true, and the court must afford those allegations every favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Phillips v Trommel Constr., 101 AD3d 1097, 1098; see Leon v Martinez, 84 NY2d 83, 87-88). "The allegations of the pleading cannot be vague and conclusory, but must contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found" (V. Groppa Pools, Inc. v Massello, 106 AD3d 722, 723 [citation omitted]; see Phillips v Trommel Constr., 101 AD3d at 1098).
Since Penal Law § 240.45 does not create a private right of action, the Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging criminal nuisance (see Hammer v American Kennel Club, 1 NY3d 294).
The Supreme Court also should have granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action alleging public nuisance (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568; Haire v Bonnelli, 57 AD3d 1354, 1358; Andersen v University of Rochester, 91 AD2d 851, 851). "A public nuisance exists for conduct that amounts to a substantial interference with the exercise of a common right of the public, thereby offending public morals, interfering with the use by the public of a public place or endangering or injuring the property, health, safety or comfort of a considerable number of persons" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [emphasis added]). "A public nuisance is a violation against the State and is subject to abatement or prosecution by the proper governmental authority" (id. at 292; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d at 568; see also Penal Law § 240.45[1]). A public nuisance is actionable by a private person only where the person suffered special injury beyond that suffered by the community at large (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 292; Baity v General Elec. Co., 86 AD3d 948, 951).
Here, the complaint failed to identify any cognizable right common to all members of the general public that the Diocese has interfered with by, among other things, failing to disclose the names of priests who had been accused of, but neither charged with nor convicted of, molesting children (see Haire v Bonelli, 57 AD3d at 1358; Andersen v University of Rochester, 91 AD2d at 851). Notwithstanding a moral or ethical duty to notify the public, or investigate and report instances of suspected child molestation, the complaint does not allege that the Diocese violated any laws recognizing the public's right to information regarding accusations of child molestation, or that the Diocese violated any legal duty to report such accusations to appropriate authorities. Indeed, the Sex [*3]Offender Registration Act (see Correction Law art 6-C), which is the statute that requires sex offenders to register with the State and that provides for public notification about sex offenders living in the community, defines a sex offender as "any person who is convicted" of certain sex offenses as set forth in the statute (Correction Law § 168-a[1] [emphasis added]). The statute provides for public notification of a sex offender's risk classification only after a judicial hearing which comports with due process (see People v Baxin, 26 NY3d 6, 10).
Social Services Law § 413 contains a list of individuals or officials who are, in their official or professional capacities, considered to be mandated reporters of suspected child abuse or maltreatment. The list includes, among many others, teachers, social workers, mental health professionals, and physicians. The complaint does not allege that any member or employee of the Diocese is a mandated reporter, or that any such member or employee violated Social Services Law § 413 in failing to report to appropriate authorities allegations of suspected child abuse. This case is distinguishable from instances where a defendant is alleged to have violated federal or state laws so as to pose a danger to the general public and endanger the lives of a considerable number of persons (cf. Williams v Beemiller, Inc., 103 AD3d 1191, 1192).
Furthermore, although parish and Diocese property may be open to the public, it still is private property (see Haire v Bonelli, 57 AD3d at 1358; Andersen v University of Rochester, 91 AD2d 851), and the complaint does not allege any conduct occurring on public property. Given the totality of the allegations, the complaint failed to allege an interference with rights belonging to the general public, or an interest in public land.
Accordingly, the Supreme Court should have granted those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court