Yu Ying Zhi v J-Mart Group, Inc. (2020 NY Slip Op 07249)





Yu Ying Zhi v J-Mart Group, Inc.


2020 NY Slip Op 07249


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-07250
 (Index No. 12192/14)

[*1]Yu Ying Zhi, respondent, 
v
J-Mart Group, Inc., et al., appellants, et al., defendants.


Cascone & Kluepfel, LLP, Garden City, NY (Beth Rogoff-Gribbins of counsel), for appellant J-Mart Group, Inc.
Marshall, Dennehey, Warner, Coleman & Goggin, Melville, NY (Christopher J. Power of counsel), for appellant New World Shopping Center NY, Inc.
Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant J Mart Group, Inc., incorrectly sued herein as J-Mart Group, Inc., appeals, and the defendant New World Shopping Center NY, Inc., separately appeals, from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated April 2, 2018. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the separate motions of the defendant J Mart Group, Inc., incorrectly sued herein as J-Mart Group, Inc., and the defendant New World Shopping Center NY, Inc., which were for summary judgment dismissing the plaintiff's second cause of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of their separate motions; as so modified, the order is affirmed, with one bill of costs to the respondent.
On July 2, 2013, the plaintiff, who worked as a health care aide, was pushing her client in a wheelchair in the lobby of a shopping mall in Queens. The plaintiff allegedly was injured when a platform truck struck her in her lower back. The plaintiff commenced this personal injury action against, among others, the defendants J Mart Group, Inc., incorrectly sued herein as J-Mart Group, Inc. (hereinafter J Mart), and New World Shopping Center NY, Inc. (hereinafter NWSC), alleging causes of action sounding in negligence and nuisance.
J Mart and NWSC separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated April 2, 2018, the Supreme Court denied the motions. J Mart and NWSC separately appeal.
"Premises liability, as with liability for negligence generally, begins with duty" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 13). "Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and [*2]society generally. The scope of any such duty of care varies with the foreseeability of the possible harm" (Tagle v Jakob, 97 NY2d 165, 168; see Basso v Miller, 40 NY2d 233, 241). "'As a general rule, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property'" (Futter v Hewlett Sta. Yogurt, Inc., 149 AD3d 912, 913, quoting Franks v G & H Real Estate Holding Corp., 16 AD3d 619, 620; see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10; Milewski v Washington Mut., Inc., 88 AD3d 853). While a landlord and tenant are free to agree with each other as to which party, as between them, will have the contractual obligation to perform maintenance and safeguard the property, "the tenant may not contract away a duty in tort that the law imposes on it with respect to third parties" (see Milewski v Washington Mut., Inc., 88 AD3d at 855).
Here, J Mart and NWSC both contend that they did not owe the plaintiff a duty and, accordingly, can not be held liable for her injuries as a matter of law. In support of its motion, J Mart submitted its lease with the defendant New World Mall, LLC (hereinafter New World Mall). The lease indicates that J Mart leased the entire first floor of the mall, including the lobby where the plaintiff was injured. Although J Mart contends that New World Mall was contractually responsible for employing security staff to patrol the lobby, this does not establish that J Mart did not owe a duty to the plaintiff, who allegedly was injured while walking through the portion of the mall that J Mart leased. Furthermore, in support of its motion, J Mart submitted a copy of the deposition testimony of the mall's fire safety director, who testified that he witnessed the subject incident and then emailed the mall's "managers," including J Mart's manager, to advise them of the occurrence. As J Mart failed to eliminate triable issues of fact as to whether it owed a duty to the plaintiff, we agree with the Supreme Court's determination to deny that branch of J Mart's motion which was for summary judgment dismissing the plaintiff's negligence cause of action insofar as asserted against J Mart (see Milewski v Washington Mut., Inc., 88 AD3d 853).
In support of its motion, NWSC submitted, among other things, its lease with New World Mall, pursuant to which NWSC leased the entire second floor of the mall. Although NWSC established that it did not own or possess the lobby on the first floor of the mall where the accident occurred, NWSC failed to eliminate triable issues of fact as to whether it controlled the lobby. In support of its motion, NWSC submitted a copy of the deposition testimony of the mall's fire safety director, who testified that the mall's management office was located in "Unit 88," which was located on the second floor of the mall. NWSC failed to establish that it was not the entity that occupied "Unit 88," and, thus, failed to eliminate triable issues of fact as to whether it controlled the lobby and thus owed a duty to the plaintiff. Therefore, we agree with the Supreme Court's determination to deny those branches of the separate motions of J Mart and NWSC which were for summary judgment dismissing the plaintiffs' negligence cause of action insofar as asserted against each of them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the plaintiff's second cause of action, alleging nuisance, is duplicative of her first cause of action, alleging negligence (see Trulio v Village of Ossining, 153 AD3d 577; Murphy v Both, 84 AD3d 761, 763). Accordingly, the Supreme Court should have granted those branches of the separate motions of J Mart and NWSC which were for summary judgment dismissing the plaintiff's second cause of action insofar as asserted against each of them.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court